# EXHIBIT A

**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY SUPERIOR COURT**

| | |
|---|---|
| Bereket Temesgen, individually and on behalf of all others similarly situated, | Case No.: **2484CV1680** |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| Macy's, Inc., | |
| Defendant. | |

Plaintiff Bereket Temesgen ("Plaintiff"), by and through his attorneys, makes the

following allegations pursuant to the investigation of his counsel and based upon information

and belief, except as to allegations specifically pertaining to himself and his counsel, which are

based on personal knowledge, against Defendant Macy's, Inc. ("Defendant" or "Macy's").

<u>**NATURE OF THE ACTION**</u>

1.      This is a class action suit brought against Defendant Macy's, Inc. for encroaching

upon Plaintiff's and other similarly situated individuals' privacy rights under Mass. Gen. Laws

ch. 93, § 105 (the "Massachusetts Consumer Privacy in Commercial Transactions Act" or

"CPICTA").

2.      The CPICTA, at § 105(a), reads:

> No person, firm, partnership, corporation or other business entity that accepts a
> credit card for a business transaction shall write, cause to be written or require
> that a credit card holder write personal identification information, not required by
> the credit card issuer, on the credit card transaction form. Personal identification
> information shall include, but shall not be limited to, a credit card holder's address
> or telephone number.

> The provisions of this section shall apply to all credit card transactions; provided,
> however, that the provisions of this section shall not be construed to prevent a
> person, firm, partnership, corporation or other business entity from requesting
> information is necessary for shipping, delivery or installation of purchased
> merchandise or services or for a warranty when such information is provided

1

voluntarily by a credit card holder.

3.    To summarize, the CPICTA prohibits companies such as Defendant from requiring consumers to providing their personal information (*e.g.*, address, telephone number) when making a credit card transaction, unless such information is necessary for the transaction (*e.g.*, shipping or delivery).

4.    Per the Supreme Judicial Court of Massachusetts, this provision's "purpose was to safeguard consumer privacy and more particularly to protect consumers using credit cards from becoming the recipients of unwanted commercial solicitations from merchants with access to their identifying information." *Tyler v. Michaels Stores, Inc.*, 464 Mass. 492, 498 (2013).

5.    Nonetheless, and in contravention of the CPICTA, Defendant requires each of its online shoppers paying by credit card and checking out via its website's credit card transaction form to write personal identification information not required by credit card issuers—their email address.

6.    Defendant then uses the collected email addresses to send unwanted commercial solicitations—namely, spam marketing emails ("Spam")—to said consumers.

7.    Mass. Gen. Laws ch. 93, § 105(d) states: "Any violation of the provisions of this chapter shall be deemed to be an unfair and deceptive trade practice, as defined in section 2 of chapter 93A."

8.    Plaintiff therefore brings this action individually and on behalf of a class of all other similarly situated consumers to recover damages and restitution under the Massachusetts Unfair and Deceptive Business Practices Act, Mass. Gen. Laws Ch. 93A ("Chapter 93A") predicated upon Defendant's violations of the CPICTA.

**PARTIES**

9.    Plaintiff Bereket Temesgen is a citizen of Massachusetts who resides in Hyde

2

Park, Massachusetts. In or around May 2022, Mr. Temesgen purchased a dress shirt and a tie online from Macy's, paid by credit card, and checked out via the Macy's website's credit card transaction form (located at www.macys.com). As part of this process, Mr. Temesgen was required by Macy's to write personal identification information not required by credit card issuers—his email address. Mr. Temesgen's email address was not a necessary part of the transaction, as it was not required for shipping, delivery, installation, or any other purpose. Shortly after completing his online Macy's purchase, in or around May 2022, Mr. Temesgen began receiving spam marketing emails from Macy's. Mr. Temesgen never signed up for or otherwise consented to the receipt of this Spam. Further, the Spam is a nuisance, Macy's caused Mr. Temesgen to waste his time reading or otherwise addressing the Spam, and the Spam consumed valuable storage space in Mr. Temesgen's email mailbox.

10.     Defendant Macy's, Inc. is a Delaware corporation with its principal place of business at 151 West 34th Street New York, New York 10001. Defendant is the largest department store chain in the nation, and it operates retail locations throughout the Commonwealth.[1] Defendant targets consumers whom it knows to reside in Massachusetts (based on shipping information provided during checkout) with Spam.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this matter pursuant to Mass. Gen. Laws ch. 212, §§ 3 and 4 because this is a civil action where the aggregate claims of all members of the proposed class are in excess of $50,000, exclusive of interest and costs.

12.     The Court has personal jurisdiction over Defendant pursuant to Mass. Gen. Laws ch. 223A § 3(a) and (b) because Defendant regularly transacts business and contracts to supply

---

[1] https://www.macys.com/stores/ma/.

services in Massachusetts.

13.    Venue is proper in this County pursuant to Mass. Gen. Laws ch. 223 § 2 because Plaintiff lives in this County.

14.    Venue is proper in the Business Litigation Session ("BLS"), pursuant to Superior Court Administrative Directive No. 17-1, because this case is complex and is brought as a class action which will require substantial case management.

## FACTUAL ALLEGATIONS

15.    As industry leaders,[2] trade groups,[3] and courts[4] agree, an email address is "personal identification information[.]"  The Supreme Judicial Court of Massachusetts has held that "a zip code may well qualify as personal identification information under § 105 (a). This is so because . . . a consumer's zip code, when combined with the consumer's name, provides the merchant with enough information to identify through publicly available databases the consumer's address or telephone number[.]" *Tyler v. Michaels Stores, Inc.*, 464 Mass. 492, 499–501 (2013).  In interpreting California's analogous Song-Beverly Credit Card Act of 1974, Cal. Civ. Code § 1747, *et seq.*, the United States District Court for the Eastern District of California compared zip codes and email addresses, finding: "[A] cardholder's email address 'pertain[s] to or regards to a cardholder' in a more specific and personal way than does a ZIP code. . . . Therefore, this Court predicts that the California Supreme Court would decide that an email address constitutes 'personal identification information[.]'" *Capp v. Nordstrom, Inc.*, No. 2:13-

---

[2] https://www.adexchanger.com/data-exchanges/can-email-be-the-next-big-online-identifier/ (quoting Tom Kershaw, CTO of Magnite, who said "[a]n email address is universally considered to be PII[.]").

[3] https://thenai.org/wp-content/uploads/2021/07/nai_code2020.pdf (the Network Advertising Initiative Code of Conduct, identifying email as PII).

[4] *See United States v. Hastie*, 854 F.3d 1298, 1303 (11th Cir. 2017) ("Email addresses fall within the ordinary meaning of information that identifies an individual. They can prove or establish the identity of an individual.").

4

CV-00660-MCE-AC, 2013 WL 5739102, at *6 (E.D. Cal. Oct. 22, 2013) (citations omitted). That is, just like a zip code, a consumer's email address provides merchants like Defendant with enough information to identify through publicly available databases a consumer's address or telephone number.[5] And as the United States District Court for the Eastern District of California went on to conclude: "Defendant's alleged conduct in this case—acquiring Plaintiff's email address for one reason, . . . and then using the address for another reason, to send him promotional emails . . . directly implicates the purposes of the statute[.]" *Id.* at *7.

      16.    When checking out from Defendant's website, www.macys.com, online shoppers who wish to maintain their privacy, like Plaintiff and other Class Members, are presented with the option to "Checkout as Guest":



---

[5] Various companies claim the ability to reverse append email addresses to obtain customers' street addresses and telephone numbers. *See, e.g.*, https://www.edq.com/email-verification/append/ ("Reverse email append service takes email addresses and matches other information you lack"); https://docs.experianaperture.io/identity-append/experian-identity-append/overview/introduction/#reverse-email-append ("Reverse email append is a service that allows you to input an email address and receive the name and address of the individual associated with that email."); https://www.listsolutions.com/our-services/ ("Reverse Email Append[:] Overlay name and address postal information to your email only database"); https://cdn2.hubspot.net/hub/68599/file-310417248-pdf/docs/towerdata_reverseemailappend.pdf ("TowerData's Reverse Email Append service can enhance your email database by adding the names and postal addresses of your customers. You'll gain the ability to market to them through direct mail"); https://dmdatabases.com/data-append/reverse-email-append/ ("What is reverse email append? If you have a database only consisting of email addresses, then we can match the email addresses against a massive cooperative database to append postal addresses, contact names, cell phone numbers, and other valuable data").

17.    Then, a shopper enters their shipping address so that Defendant may estimate shipping and tax costs:



18.    After making this selection, shoppers are required by Defendant to enter their email address into the Macy's website's credit card transaction form, to proceed with the checkout process. If a consumer attempts to opt out of Defendant's email collection by leaving the email field blank, they are shown an error message that declares, "Enter email address" and they are precluded from continuing to the next checkout stages:



6

19.     As the foregoing makes clear, there is no reason why a customer must provide their email addresses for a credit card transaction.  A customer furnishes their shipping address for delivery, and they must also provide their phone number (presumably for communications).

20.     In addition, Defendant appears to solicit consent to send future emails to shoppers (with a checkbox marked, "Send me emails about sales, events, new arrivals, and more!").  But *even if consumers choose not to click this box*, Defendant still sends them marketing emails.



21.     As evidence of this, Plaintiff's counsel purchased an item online from Macy's with a credit card on or around December 13, 2023.  Plaintiff's counsel entered an email address but did not check the box labeled "Send me emails about sales, events, new arrivals, and more." Despite not clicking the box, Defendant then sent Plaintiff's counsel numerous emails over the following months.  While some of these emails related to a purchase, the others were solicitations.

22.     · For individuals like Plaintiff and other Class Members, who did not check Defendant's "Send me emails about sales, events, new arrivals, and more[]" box, these commercial solicitations constitute unwanted Spam for which they never signed up and to which they never otherwise consented.  Further, because Plaintiff and Class Members are never given

7

the option to not to provide their email address and are sent emails regardless of whether or not they check the box, any consent provided is meaningless and invalid.

23.    The Spam is a nuisance because it interferes with Plaintiff and other Class Members' use and enjoyment of their email mailboxes by, *inter alia*, causing irritation; acting as a distraction; displacing other, more important (and consented-to) emails; and creating visual clutter.

24.    By sending Spam, Macy's caused Plaintiff and fellow Class Members to waste their time reading or otherwise addressing the Spam (i.e., discerning how, if possible, to unsubscribe from the Spam; block Macy's as a sender; and/or report the Spam to their email provider).

25.    The Spam also consumed valuable storage space in Plaintiff and other Class Members' email mailboxes. Many of the most popular free email mailboxes (i.e., Apple's iCloud, Google's Gmail, Microsoft's Outlook, and Proton AG's Proton Mail) have storage limits. A deluge of spam emails, as sent by Defendant, can quickly eat into free email mailbox storage space and force users to expend either time and labor to delete messages or money to procure additional storage space. For paid email mailbox users, spam emails deplete storage space that has been acquired with hard-earned savings.

## CLASS REPRESENTATION ALLEGATIONS

26.    Plaintiff seeks to represent a class defined as

> All persons in Massachusetts who made a purchase on www.macys.com using a credit card (The "Class").

27.    Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this

8

action by mail and/or publication through the distribution records of Defendant and third-party

retailers and vendors.

28.     Common questions of law and fact exist as to all Class members and predominate

over questions affecting only individual Class members.  Common legal and factual questions

include, but are not limited to:

(a)     whether Defendant's conduct as alleged herein violates Massachusetts
        law, including the provisions of the CPICTA;

(b)     whether Defendant is a "person, firm, partnership, corporation or other
        business entity that accepts a credit card for a business transaction" under
        Mass. Gen. Laws ch. 93, § 105(a);

(c)     whether an email address constitutes "personal identification information"
        under Mass. Gen. Laws ch. 93, § 105(a);

(d)     whether Plaintiff and Class members were injured by Defendant's
        conduct;

(e)     whether Plaintiff and Class members are entitled to damages under
        Chapter 93A; and

(f)     whether Plaintiff and the other members of the Class are entitled to
        equitable relief, including but not limited to injunctive or declaratory
        relief.

29.     The claims of the named Plaintiff are typical of the claims of the Class in that the

named Plaintiff purchased a dress shirt and a tie online, in or around May 2022, from Macy's,

paid by credit card, and checked out via the Macy's website's credit card transaction form.  As

part of this process, Plaintiff, like all other Class Members, was required by Macy's to write

personal identification information not required by credit card issuers—his email address.

Shortly after completing his online Macy's purchase, Plaintiff, like all other Class Members,

began receiving Spam from Macy's, in or around May 2022.  Plaintiff, like all other Class

Members, never signed up for or otherwise consented to the receipt of this Spam.  Further, like

all other Class Members, Plaintiff experienced how the Spam is a nuisance, Macy's caused.

Plaintiff to waste his time reading or otherwise addressing the Spam, and the Spam consumed valuable storage space in Plaintiff's email mailbox.

30.    Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, Plaintiff has retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

31.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**Violation Of Chapter 93A**
**Based On Violation Of The CPICTA**

32.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

33.    Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

10

34.     The CPICTA reads:

> No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form. Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number.
>
> The provisions of this section shall apply to all credit card transactions; provided, however, that the provisions of this section shall not be construed to prevent a person, firm, partnership, corporation or other business entity from requesting information is necessary for shipping, delivery or installation of purchased merchandise or services or for a warranty when such information is provided voluntarily by a credit card holder.

Mass. Gen. Laws ch. 93, § 105(a).

35.     Defendant is a "corporation or other business entity[.]"

36.     Defendant "accepts a credit card for business transactions[,]" including for its online sales of goods to consumers like Plaintiff and other Class Members.

37.     In contravention of the CPICTA, Defendant "require[s] that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form." Namely, Defendant requires each of its online shoppers paying by credit card and checking out via its website's credit card transaction form (located at www.macys.com) to write their email address.

38.     An email address is "personal identification information" because it provides merchants like Defendant with enough information to identify, through publicly available databases, a credit card holder (including their address and telephone number).

39.     An email address is "not required by the credit card issuer." Cardholder name, credit card number, expiration date, and/or card verification code are the only four details that

credit card issuers require merchants, like Defendant, to collect for online transactions.[6]

  40. The Macy's website's credit card transaction form (located at www.macys.com) is a "credit card transaction form."

  41. The CPICTA's limited exception does not apply because an email address is not necessary for shipping, delivery, installation or a warranty, yet Defendant required consumers to provide an email address.

  42. Per the Supreme Judicial Court of Massachusetts, "When a merchant acquires personal identification information in violation of § 105 (a) and uses the information for its own business purposes, whether by sending the customer unwanted marketing materials or by selling the information for a profit, the merchant has caused the consumer an injury that is distinct from the statutory violation itself and cognizable under G.L. c. 93A, § 9." *Tyler*, 464 Mass. at 503-04.

  43. "[R]eceipt of unwanted marketing material as a result of a § 105 (a) violation represents an invasion of the consumer's personal privacy causing injury or harm worth more than a penny, and the consumer is thus entitled to the minimum statutory damage award of twenty-five dollars under G.L. c. 93A, § 9(3)." *Tyler*, 464 Mass. at 504 n.20.

  44. Absent injunctive relief, Defendant may continue to violate the law and violate the rights of Massachusetts credit card holders. Plaintiff thus asks this court to declare

---

[6] https://upgradedpoints.com/credit-cards/security-code-cvv/ ("all merchants require . . . the cardholder's name, card number, and expiration date. Most merchants also require a CVV code when purchasing online[.]"). *See also* https://www.chase.com/personal/credit-cards/education/basics/why-do-some-sites-not-require-cvv ("when you're making a credit card purchase online[,] . . . in addition to the credit card number and expiration date, you may also be asked for the CVV[.]"); https://money.com/what-is-a-credit-card-cvv/ ("The merchant collects a customer's card information: the account number, the expiration date and the CVV number."); https://listings.pcisecuritystandards.org/documents/Protecting_Telephone_Based_Payment_Card _Data_v3-0_nov_2018.pdf ("[f]or card-not-present (CNP) fraud, a criminal only needs to obtain the PAN [(Primary Account Number, which is the card number)], cardholder name, expiry date and, sometimes, the card verification code[.]").

Defendant's conduct to be unlawful under the CPICTA and enjoin Defendant from continuing to violate Massachusetts law.

45.    Plaintiff also seeks damages as a result of Defendant's violations of Mass. Gen. Laws ch. 93, § 105.  Mass. Gen. Laws ch. 93, § 105(d) states: "Any violation of the provisions of this chapter shall be deemed to be an unfair and deceptive trade practice, as defined in section 2 of chapter 93A."  Thus, Plaintiff seeks statutory damages of not less than twenty-five dollars per violation, the recovery of up to three but not less than two times this amount because Defendant acted willfully and knowingly (see infra), and attorney's fees and costs, pursuant to the Massachusetts Unfair and Deceptive Business Practices Act, Mass. Gen. Laws Ch. 93A, et seq.

46.    In accordance with Mass. Gen. Laws Ch. 93A, § 9(3), on or around May 8, 2024, Plaintiff's counsel served Defendant with written notice of its violation of Ch. 93A and a demand for relief.  A true and correct copy of the letter is attached hereto as **Exhibit 1**.  Defendant did not make a written tender of settlement for the putative class and denied all wrongdoing.

### **RELIEF DEMANDED**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

    a.    For an order certifying the Class and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

    b.    For an order declaring that Defendant's conduct violates the statutes referenced herein;

    c.    For an order finding in favor of Plaintiff and the Class, on all counts asserted herein;

    d.    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

    e.    For prejudgment interest on all amounts awarded;

    f.    For an order of restitution and all other forms of equitable monetary relief;

13

g.    For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective advertising campaign; and

h.    For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: June 24, 2024

Respectfully submitted,

**SMITH KRIVOSHEY, P.C.**

By: */s/ Joel D. Smith*
    Joel D. Smith

Joel D. Smith (BBO No. 712418)
867 Boylston Street, 5th Floor
Boston, MA 02116
Telephone: (617) 377-7404
Email: joel@skclassactions.com

**BURSOR & FISHER, P.A.**
Joshua D. Arisohn (*Pro Hac Vice* forthcoming)
Max S. Roberts (*Pro Hac Vice* forthcoming)
1330 Avenue of the Americas
New York, NY 10019
Telephone: (646) 837-7150
Fax: (212) 989-9163
Email: jarisohn@bursor.com
        mroberts@bursor.com

*Attorneys for Plaintiff*

14

2

| BUSINESS LITIGATION SESSION (BLS) CIVIL ACTION COVER SHEET | CIVIL DOCKET NUMBER (Court Use Only)  2484CV1680 | Massachusetts Trial Court  Suffolk Superior Court Business Litigation Session |
|---|---|---|

| PLAINTIFF(S)  Bereket Temesgen | DEFENDANT(S)  Macy's, Inc. |
|---|---|
| ATTORNEY NAME, FIRM NAME, ADDRESS, PHONE NUMBER, EMAIL ADDRESS, BOARD OF BAR OVERSEERS (BBO) NUMBER  Joel D. Smith (BBO No. 712418) Smith Krivoshey, PC 867 Boylston Street, 5th Floor, Boston, MA 02116 617-377-7404 joel@skclassactions.com | (IF KNOWN) ATTORNEY NAME, FIRM NAME, ADDRESS, PHONE NUMBER, EMAIL ADDRESS, BBO NUMBER |

**CASE CATEGORY CODE AND CASE TYPE (SEE INSTRUCTIONS)**

BLS Case Category Code: ~~BA-2~~ BH.2                                    Is this a jury case? ☐ YES ☐ NO

Case Type: Claims of unfair trade practices involving complex issues, including class actions that do not involve personal injury

*At the initial Rule 16 Conference, a Special Tracking Order will be created for this case.*

Please provide a detailed statement of the facts and reasons why this case should be accepted into the Business Litigation Session, including the amount in controversy:

This is a putative class action alleging that Macy's, Inc. violates its customers' privacy rights under Mass. Gen. Laws ch. 93, § 105 (the "Massachusetts Consumer Privacy in Commercial Transactions Act" or "CPICTA"). Specifically, the CPICTA prohibits companies from requiring a consumer to write personal identification information not required by the credit card issuer when making a credit card transaction. Macy's violates the CPICTA by requiring Massachusetts online shoppers to provide their email address when making purchases online, and that information is then used to send unsolicited spam emails to the customers.

The CPICTA provides for Mass. Gen. Laws ch. 93A statutory damages of at least $25 per violation, plus attorney's fees and costs. Accordingly, damages in this case are estimated to be in the millions.

Plaintiff is unaware of any pending related cases.

*If applicable, please identify the case docket number, case name, and county in which there is any related case or cases pending in the Superior Court or any other court.*

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my client(s) with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various dispute resolution methods."

Signature of Attorney of Record: Joel Smith                                    Date: 6/24/24

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

CIVIL DOCKET#: **2484CV01680-BLS2**

Case:   Temesgen v. Macy's, Inc.

## NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION

This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to **BLS2**.

Hereafter, as shown above, all parties must include the initials **"BLS2"** at the end of the docket number on all filings.

Counsel for the plaintiff(s) is hereby advised that within seven (7) days of the filing of an appearance, answer, motion or other response to the complaint by or on behalf of the defendant(s) which has been served with process within the time limitation of Mass. R. Civ. P. 4(j), or such other time as may be modified by the Court, he or she shall send notice thereof to the appropriate BLS Session Clerk at Suffolk Superior Court, Three Pemberton Square, Boston, MA 02108.

Upon receipt of such notice, the Court will issue a Notice of Initial Rule 16 Conference for purposes of meeting with all counsel. Before the Rule 16 Conference, counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Project on Discovery (counsel are directed to www.mass.gov/superior-court-business-litigation-session for description of the Project). Counsel may indicate their respective client's participation by completing, filing, and serving the attached form. If by the date of the initial Rule 16 Conference, not all parties have given notice of their participation, counsel shall be prepared to discuss at that conference whether their clients will participate in the Project.

The Court requests that plaintiff's counsel serve on opposing parties a copy of this notice and the attached form.

Dated:  June 25, 2024

/s/ Kenneth W. Salinger

_____
Kenneth W. Salinger
Justice of the Superior Court &
Administrative Justice of the Business Litigation Session

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

CIVIL DOCKET#: _____

Case: _____

      As you may know, the Business Litigation Session began implementing a Discovery Project in January, 2010. This project is available on a voluntary basis for all new cases accepted into the BLS and for cases which have not previously had an initial case management conference. Counsel should be prepared to discuss the project with the Court at the initial case management conference. For a detailed copy of the BLS Discovery Project, counsel are directed to the Trial Court home page at: www.mass.gov/superior-court-business-litigation-session)

      If a party is willing to participate in the project, that party's counsel should so indicate below and return this form to the appropriate session clerk.

____ (Check) **Yes,** _____ is willing to participate in the Discovery Project.
                    (Party's Name)

Case Name _____

Docket Number CIVIL DOCKET#: _____

Counsel For_____       Date_____

Firm Name and Address:

_____

_____

_____

Please complete this form and return it to:

| Assistant Clerk – BLS1 | **OR** | Assistant Clerk – BLS2 |
|---|---|---|
| BLS1, Room 1015 | | BLS2, Room 1017 |
| 3 Pemberton Square | | 3 Pemberton Square |
| Boston, MA 02108 | | Boston, MA 02108 |

- 2 -

| NOTICE TO ATTORNEY GENERAL OF COMPLAINT ON CHAPTER 93A ACTION | DOCKET NUMBER 2484CV01680 BZS2 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Temesgen, Bereket vs. Macy's Inc | | John E. Powers III, Acting Clerk of Court Suffolk County Civil |
| Andrea Joy Campbell Consumer Protection Division One Ashburton Place Boston, MA 02108-1698 | | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |

Pursuant to G.L. c. 93A, § 10, enclosed is a copy of the complaint seeking relief under G.L. c. 93A. The action was filed in this court on 06/25/2024.

| DATE 06/27/2024 | CLERK OF COURTS John E. Powers III, Acting Clerk of Court |
|---|---|

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK COUNTY, ss.

SUPERIOR COURT
Civil Action No. 2484CV01680-BLS2

Bereket Temesgen, individually and on behalf
of all others similarly situated,                    )
                                                     )
                                                     )    Civil Action No. 2484CV01680-BLS2
                                    Plaintiff,        )
                                                     )
v.                                                   )
                                                     )
Macy's, Inc.,                                        )
                                                     )
                                   Defendant.         )

**ANSWER AND JURY DEMAND OF MACY'S, INC. TO
PLAINTIFF'S COMPLAINT (STYLED AS A CLASS ACTION COMPLAINT)**

The Defendant, Macys.com LLC improperly named Macy's, Inc. ("Defendant"), by and
through its undersigned counsel, and for its answer to Plaintiff Bereket Temesgen's ("Plaintiff")
Complaint, styled as a Class Action Complaint ("Complaint"), responds to each and every
corresponding paragraph of Plaintiff's Complaint as follows:

**NATURE OF THE ACTION**

1.      Paragraph 1 summarizes the nature of the action and states the statute under
which the claims are alleged. As such, there are no facts to which a response is required. To the
extent that a response is required, Defendant denies that it violated the cited statute and further
denies that it is otherwise liable in this action.

2.      Paragraph 2 purports to quote the statute under which the claims are alleged, the
text of which speaks for itself. To the extent the cited language deviates from the text of the
actual statute, it is denied.  As such, there are no facts to which a response is required. To the
extent that a response is required, Defendant denies that it violated the cited statute and further
denies that it is otherwise liable in this action.

3.      Paragraph 3 purports to summarize the statute under which the claims are alleged. As such, there are no facts to which a response is required as the text of the statute speaks for itself. To the extent that a response is required, Defendant denies that it violated the cited statute and further denies that it is otherwise liable in this action.

4.      Paragraph 4 purports to quote the cited case, the text of which speaks for itself. As such, there are no facts to which a response is required. To the extent that a response is required, Defendant admits the case contains the quoted language but denies that it violated the statute referred to in the quote and further denies that it is otherwise liable in this action.

5.      Defendant denies each and every allegation set forth in Paragraph 5.

6.      Defendant denies each and every allegation set forth in Paragraph 6.

7.      Paragraph 7 purports to quote the statute under which the claims are alleged, the text of which speaks for itself. To the extent the cited language deviates from the text of the actual statute, it is denied. As such, there are no facts to which a response is required. To the extent that a response is required, Defendant denies that it violated the cited statute and further denies that it is otherwise liable in this action.

8.      Paragraph 8 summarizes the nature of the action and states the statute under which the claims are alleged. As such, there are no facts to which a response is required. To the extent that a response is required, Defendant denies that it violated the cited statute, denies that that the class Plaintiff seeks to represent is properly certifiable or properly defined, and further denies that it is otherwise liable in this action.

## PARTIES

9.      Defendant admits only the allegations set forth in Paragraph 9 as to Plaintiff's residence on information and belief. Defendant is without knowledge or information sufficient to

form a belief as to the truth of the allegations set forth in Paragraph 9 regarding the facts surrounding Plaintiff's purchase as the relevant details have not been provided to Defendant to allow a proper investigation, and therefore, denies them. Additionally, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations as to whether Plaintiff received marketing emails as the email address to which the materials were allegedly sent has not been provided despite being requested. Defendant denies, however, that marketing materials are sent to consumers who opt out of receiving those materials. Defendant denies each and every further allegation set forth in Paragraph 9.

10.    Defendant admits the allegations in Paragraph 10 as to its state of incorporation, principal place of business, and the fact that it is a retailer operating in Massachusetts. Defendant denies each and every further allegation set forth in Paragraph 10.

## JURISDICTION AND VENUE

11.    Paragraph 11 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that this matter may be filed in this court except for the claims of those putative class members that are subject to arbitration.

12.    Paragraph 12 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that this matter may be filed in this court except for the claims of those putative class members that are subject to arbitration.

13.    Paragraph 13 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff lives in this County on information and belief.

14.    Paragraph 14 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that the Complaint purports to have commenced

3

this case as a putative class action and this matter may require substantial management, but denies that the class Plaintiff seeks to represent is properly certifiable or properly defined, and denies each and every further allegation set forth in Paragraph 14.

## FACTUAL ALLEGATIONS

15.     Paragraph 15 states a legal conclusion based on what has allegedly been said by industry leaders, trade groups, and courts in foreign jurisdictions, and thus, no response is required. To the extent that a response is required, Defendant denies that obtaining email addresses for online purchases falls within the purview of the statutes allegedly violated in this matter. Defendant further denies that the cited sources have determined the specific issue before this court as the citations refer to zip codes and not email addresses. To the extent that this paragraph is simply a citation of alleged sources, Defendant denies the paragraph's characterization that an agreement exists, but admits that the cited authorities speak for themselves, and that the cited text appears to have been quoted accurately. Defendant denies each and every further allegation set forth in Paragraph 15 and the footnotes thereto.

16.     Defendant admits the allegations set forth in Paragraph 16 to the extent that it alleges customers are offered the option to check out as a guest on its website but denies that customers use the "guest" checkout because they want to protect their privacy. Defendant denies each and every further allegation set forth in Paragraph 16.

17.     Defendant admits the allegations set forth in Paragraph 17 only to the extent that it alleges online shoppers making an online purchase enter their shipping address on the purchase form but denies each and every further allegation set forth in Paragraph 17.

18.     Defendant denies each and every allegation set forth in Paragraph 18.

4

19.    Defendant denies each and every allegation set forth in Paragraph 19, other than to admit that the customer provides the shipping address for purposes of delivery.

20.    Defendant admits that the website asks shoppers if they want to receive additional materials about Macy's products and sales but denies each and every further allegation set forth in Paragraph 20.

21.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 as to the actions of plaintiff's counsel, and therefore, denies them. Defendant denies each and every further allegation set forth in Paragraph 21.

22.    Defendant denies each and every allegation set forth in Paragraph 22.

23.    Defendant denies each and every allegation set forth in Paragraph 23.

24.    Defendant denies each and every allegation set forth in Paragraph 24.

25.    Defendant denies each and every allegation set forth in Paragraph 25.

## CLASS REPRESENTATION ALLEGATIONS

26.    Defendant admits that this paragraph states the purported class that Plaintiff wishes to represent but denies that the class is appropriate or otherwise properly defined or certifiable. Defendant further denies that there is any basis for a class based on the facts as stated in this action and denies each and every further allegation set forth in Paragraph 26.

27.    Defendant admits that there are numerous people who make purchases on Defendant's website in Massachusetts every day but denies that any of them have a claim as stated in this action. Defendant denies that the class Plaintiff seeks to represent is properly certifiable or properly defined.  Moreover, Defendant expressly alleges that the class definition is vague and overbroad.  Defendant further denies that Plaintiff or any member of the alleged class

Plaintiff purports to represent, the existence of which is expressly denied, is entitled to any relief whatsoever. Defendant denies each and every further allegation set forth in this paragraph.

28.     Defendant denies each and every allegation set forth in Paragraph 28 and the subparts thereto.

29.     Defendant denies each and every allegation set forth in Paragraph 29.

30.     Defendant denies each and every allegation set forth in Paragraph 30.

31.     Defendant denies each and every allegation set forth in Paragraph 31.

**COUNT I**
**Violation of Chapter 93A**
**Based on Violation of the CPICTA**

32.     Defendant incorporates by reference each and every response set forth above as if fully set forth herein.

33.     Paragraph 33 states the form in which the case is alleged and states no facts to which a response is required. To the extent that a response is required, Defendant denies that it violated any statute or that it is in any way liable to the Plaintiff, and further denies that this matter is appropriate to proceed as a class action. Defendant denies each and every further allegation set forth in Paragraph 33.

34.     Paragraph 34 purports to quote the statute under which the claims are alleged, the text of which speaks for itself. To the extent the cited language deviates from the text of the actual statute, it is denied. As such, there are no facts to which a response is required. To the extent that a response is required, Defendant denies that it violated the cited statute and further denies that it is otherwise liable in this action.

6

35.    Defendant admits that it is a corporation but whether it is a corporation within the meaning of the statute cited in Paragraph 34 is a legal conclusion to which no response is required. Defendant denies each and every further allegation set forth in Paragraph 35.

36.    Defendant admits that consumers may pay for merchandise at Macy's stores and online with a credit card but the meaning of the quoted language in the context of the statute cited in Paragraph 34 is a legal conclusion to which no response is required. Defendant denies each and every further allegation set forth in Paragraph 36.

37.    Defendant denies each and every allegation set forth in Paragraph 37.

38.    Defendant denies that obtaining email addresses for online purchases falls within the purview of the statutes Plaintiff alleges were violated in this matter. Defendant further denies that an email address for an online purchase provides any additional information that cannot be gleaned from the order and shipping details provided. Defendant denies each and every further allegation set forth in Paragraph 38.

39.    Defendant denies each and every allegation set forth in Paragraph 39, including the footnote.

40.    Defendant states that the allegations in Paragraph 40 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies that it has violated the statute cited. Defendant denies each and every further allegation set forth in Paragraph 40.

41.    Defendant denies each and every allegation set forth in Paragraph 41.

42.    Paragraph 42 purports to quote the cited case, the text of which speaks for itself. As such, there are no facts to which a response is required. To the extent that a response is required, Defendant admits the case appears to contain the quoted language (however the citation

should be only to page 504), and that the case speaks for itself, but denies that it violated the statute referred to in the quote and further denies that it is otherwise liable in this action. Defendant denies each and every further allegation set forth in Paragraph 42.

43.    Paragraph 43 purports to quote the cited case, the text of which speaks for itself. As such, there are no facts to which a response is required. To the extent that a response is required, Defendant admits the case appears to contain the quoted language, and that the case speaks for itself, but denies that it violated the statute referred to in the quote and further denies that it is otherwise liable in this action. Defendant admits that the cited statute does provide for damages of $25 per violation. Defendant denies each and every further allegation set forth in Paragraph 43.

44.    Defendant denies that it has violated the statutes under which the claims are brought in this action and further denies that injunctive relief is appropriate. Defendant denies each and every further allegation set forth in Paragraph 44.

45.    Paragraph 45 purports to quote the cited statute, the text of which speaks for itself. As such, there are no facts to which a response is required. To the extent that a response is required, Defendant admits the statute appears to contain the quoted language, the text of which speaks for itself, but denies that it violated the statute referred to in the quote and further denies that it is otherwise liable in this action. Defendant admits that the cited statute does provide for damages of $25 per violation plus multiple damages and attorney fees.  Defendant denies each and every further allegation set forth in Paragraph 45.

46.    Defendant admits that Plaintiff sent a letter that is attached as Exhibit A, but the letter failed in several aspects to meet the requirements of Ch. 93A, and thus was not sent in

8

accordance with Ch. 93A. Defendant, therefore, denies each and every remaining allegation set forth in Paragraph 46 other than to admit it did, and continues, to deny all wrongdoing.

## AS TO RELIEF DEMANDED

Defendant denies the allegations set forth in Plaintiff's Relief clause and all of its subparts, and specifically denies that Plaintiff is entitled to any damages or any of the relief sought therein.  Defendant denies any and all allegations not expressly admitted herein.

## DEFENSES

Defendant, having denied each and every allegation contained in Plaintiff's Complaint not expressly admitted above, and without assuming any burden of proof it otherwise would not have,  alleges as follows:

## FIRST DEFENSE

To the extent that Plaintiff, and/or any person that Plaintiff purports to represent in this case, has a Macy's-branded credit card account or Macy's-branded American Express credit card account and used that card to complete the checkout process, any claims asserted by such person(s) are subject to binding arbitration pursuant to the express terms of the arbitration provision(s) contained in the terms and conditions governing such accounts and covering the claims asserted by Plaintiff and/or the class. Thus, this court has no jurisdiction over the claims of any party in the purported class who is bound to arbitration.

## SECOND DEFENSE

Plaintiff's Complaint, claims, and damages are barred in whole or in part because Plaintiff has sued an improper party.

**THIRD DEFENSE**

Plaintiff's Complaint, claims, and damages are barred in whole or in part because Plaintiff

has failed to join an indispensable party.

**FOURTH DEFENSE**

Plaintiff's Complaint fails, in whole or in part, to state a claim against Defendant for which

relief can be granted.

**FIFTH DEFENSE**

Plaintiff is not entitled to any injunctive relief because Plaintiff has an adequate remedy at

law for any conduct complained of, and/or Plaintiff lacks standing to pursue such relief.

**SIXTH DEFENSE**

Plaintiff has failed to satisfy the statutory prerequisites necessary for the assertion of a

claim under G.L. c. 93A, including without limitation Plaintiff's failure to serve a proper 93A

letter in advance of filing the present action, request any specific relief in said letter, and provide

sufficient information in the letter – despite a request from Defendant.

**SEVENTH DEFENSE**

Defendant is legally required by the Federal Trade Commission to provide notice to

online customers of any delay in the receipt or shipping of their merchandise. 16 C.F.R. Part 435.

Customers using the "guest check out" process are asked to provide an email address to facilities

these communications.

**EIGHTH DEFENSE**

The cited statute does not apply to online purchases and further, Defendant has

independent reasons for the request for the email addresses which are used to facilitate

communications with its customers related to purchase, shipping and delivery confirmations.

## NINTH DEFENSE

Consumers to whom Defendant sends marketing emails consent to receipt of the same.

## TENTH DEFENSE

To the extent Plaintiff and any putative class members may recover damages or penalties (which Defendant denies), any such award should be for a lesser amount than the maximum damages and penalties based on the facts and circumstances of this case, since to do otherwise would result in an award that is unjust, arbitrary, and oppressive or confiscatory in violation of the United States Constitution.

## ELEVENTH DEFENSE

Plaintiff has not and cannot satisfy the requirements for certification of a class.

## TWELFTH DEFENSE

Plaintiff is not a proper representative of the class he purports to represent and, accordingly, this action is not properly brought as a class action.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to recover any punitive damages because any award in this action would violate Defendant's rights to due process and/or equal protection under the United States and/or Massachusetts Constitutions.

## FOURTEENTH DEFENSE

Plaintiff's Complaint fails to state facts sufficient to constitute a claim for punitive damages against Defendant. Furthermore, Defendant did not commit oppressive, intentional, or malicious acts with respect to Plaintiff, and did not engage in despicable conduct with respect to Plaintiff.

## FIFTEENTH DEFENSE

Plaintiff's claims for relief are wholly insubstantial, frivolous, and not advanced in good faith; as such, Defendant is entitled to reasonable attorneys' fees, interest, and other costs and expenses pursuant to G.L. c. 231, § 6F.

## SIXTEENTH DEFENSE

To the extent that the Plaintiff failed to mitigate the alleged damages, Plaintiff cannot recover from Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The rights and obligations of the parties are governed by the contractual agreements between them, which are incorporated herein by reference, and the Plaintiff's rights, actions, remedies and damages, if any, are subject to and limited by the terms of said agreements.

## RESERVATION OF RIGHTS

Because Plaintiff's Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action.  Accordingly, Defendant's right to assert additional defenses, if and to the extent such defenses are applicable, is hereby reserved.

## PRAYER

WHEREFORE, having answered Plaintiff's Complaint and having alleged defenses, Defendant prays:

1. That Plaintiff take nothing by the Complaint and that the Complaint be dismissed with prejudice;

2. For judgment in Defendant's favor and dismissal of all of Plaintiff's claims;

3. To recover its costs and attorneys' fees incurred in this action; and

4.    For such other and further relief as the Court may deem proper.

DEFENDANT DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

The Defendant,
Macys.com LLC improperly Named
Macy's Inc.,
By its Attorneys,

Date: August 26, 2024

*/s/ Edward D. Shoulkin*
Edward D. Shoulkin | B.B.O. No. 555483
eshoulkin@bglaw.com
Derek M. Gillis | B.B.O. No. 684769
dgillis@bglaw.com
BARTON GILMAN LLP
75 Federal Street, 9th Floor
Boston, MA 02110
617.654.8200 | 617.482.5350 – Fax

13

## CERTIFICATE OF SERVICE

I, Edward D. Shoulkin, counsel for the Defendant, hereby certify that on August 26, 2024, I served a true copy of the foregoing document via electronic and/or first-class mail, postage prepaid, to the following parties of record:


Joel D. Smith | BBO No. 712418
Smith Krivoshey, P.C.
867 Boylston Street, 5th Floor
Boston, MA 02116
joel@skclassactions.com

Joshua D. Arishon (*Pro Hac Vice* forthcoming)
Max S. Roberts (*Pro Hac Vice* forthcoming)
1330 Avenue of the Americas
New Yor, NY 10019
jarisohn@bursor.com
mroberts@bursor.com



/s/ *Edward D. Shoulkin*
Edward D. Shoulkin, Esq.

# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK COUNTY, ss.                                    SUPERIOR COURT
                                                       Civil Action No. 2484CV01680-BLS2

_____
Bereket Temesgen, individually and on behalf    )
of all others similarly situated,               )
                                                )
          Plaintiff,                            )
                                                )
v.                                              )
                                                )
Macy's, Inc.,                                   )
                                                )
          Defendant.                            )
_____            )

## NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT on August 29, 2024, the defendant, Macys.com LLC, misnamed as Macy's, Inc., by and through its undersigned counsel, Barton Gilman LLP, filed in the United States District Court for the District of Massachusetts, and served on all parties, a Notice of Removal of the above-captioned matter.  A copy of the Notice of Removal is attached hereto as Exhibit "**A**."

                              The Defendant,
                              Macys.com LLC, misnamed as
                              Macy's Inc.,
                              By its Attorneys,

                              */s/Edward D. Shoulkin*
                              Edward D. Shoulkin | B.B.O. No. 555483
                              eshoulkin@bglaw.com
                              Derek M. Gillis | B.B.O. No. 684769
                              dgillis@bglaw.com
                              BARTON GILMAN LLP
                              75 Federal Street, 9th Floor
                              Boston, MA 02110
                              617.654.8200 | 617.482.5350 – Fax

## <u>CERTIFICATE OF SERVICE</u>

     I, Edward D. Shoulkin, attorney for the Defendant, hereby certify that on August 29, 2024, I served a copy of the foregoing by electronic and regular mail on all counsel of record.


                              */s/Edward D. Shoulkin*_____
                                Edward D. Shoulkin | B.B.O. No. 555483