COMMONWEALTH OF MASSACHUSETTS
### SUFFOLK COUNTY CIVIL
### Docket Report

**2484CV01680 Temesgen, Bereket vs. Macy's Inc**

| | |
|---|---|
| **CASE TYPE:** Business Litigation | **FILE DATE:** 06/25/2024 |
| **ACTION CODE:** BH2 | **CASE TRACK:** B - Special Track (BLS) |
| **DESCRIPTION:** Complex Unfair Trade Practices | |
| **CASE DISPOSITION DATE:** 09/05/2024 | **CASE STATUS:** Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE:** 09/05/2024 |
| **CASE JUDGE:** | **CASE SESSION:** Business Litigation 2 |

## PARTIES

| | | |
|---|---|---|
| **Plaintiff**<br>Temesgen, Bereket | **Attorney**<br>Joel D Smith<br>Smith Krivoshey, P.C.<br>Smith Krivoshey, P.C.<br>867 Boylston St<br>Fifth Floor<br>Boston, MA 02116<br>Work Phone (617) 377-7404<br>Added Date: 06/25/2024 | 712418 |
| **Defendant**<br>Macy's Inc | **Attorney**<br>Edward D Shoulkin<br>Barton Gilman LLP<br>Barton Gilman LLP<br>75 Federal St 9th Floor<br>Boston, MA 02110<br>Work Phone (617) 654-8200<br>Added Date: 08/26/2024 | 555483 |
| | **Attorney**<br>Derek Gillis<br>Barton Gilman LLP<br>Barton Gilman LLP<br>75 Federal St<br>9th Floor<br>Boston, MA 02110<br>Work Phone (617) 654-8200<br>Added Date: 08/26/2024 | 684769 |

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK COUNTY CIVIL
Docket Report

| FINANCIAL DETAILS | | | | | |
|---|---|---|---|---|---|
| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
| 06/25/2024 | Civil Filing Fee (per Plaintiff) Receipt: 44385 Date: 06/25/2024 | 240.00 | 240.00 | 0.00 | 0.00 |
| 06/25/2024 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 44385 Date: 06/25/2024 | 20.00 | 20.00 | 0.00 | 0.00 |
| 06/25/2024 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 44385 Date: 06/25/2024 | 15.00 | 15.00 | 0.00 | 0.00 |
| 06/25/2024 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b Receipt: 44385 Date: 06/25/2024 | 5.00 | 5.00 | 0.00 | 0.00 |
| | **Total** | **280.00** | **280.00** | **0.00** | **0.00** |

I HEREBY ATTEST AND CERTIFY ON
September 5 2024 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

Asst. Clerk

I HEREBY ATTEST AND CERTIFY ON
______, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: ______

**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
**Docket Report**

## INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|------|-----|-------------|-------|
| 06/25/2024 | | Attorney appearance<br>On this date Joel D Smith, Esq. added for Plaintiff Bereket Temesgen | |
| 06/25/2024 | | Docket Note: one summons in hand | |
| 06/25/2024 | 1 | Original civil complaint filed. | |
| 06/25/2024 | 2 | Civil action cover sheet filed. | |
| 06/25/2024 | 3 | General correspondence regarding NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION "BLS2" This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to BLS2. (dated 6/25/24) Notice sent 6/25/24 | Salinger |
| 06/27/2024 | | Notice of 93A complaint sent to Attorney General | |
| 06/27/2024 | | The following form was generated:<br><br>Notice to Appear - BLS was generated and sent to:<br>Plaintiff:  Joel D Smith, Esq. joel@skclassactions.com<br>Defendant:  Macy's  Inc No addresses available<br>Sent On: 06/27/2024 12:26:40 | |
| 08/26/2024 | 4 | Answer with a claim for jury trial<br><br>Applies To : Macy's  Inc (Defendant) | |
| 08/29/2024 | 5 | Defendant Macy's  Inc's Notice of<br>Removal<br>(U.S. Dist. #24cv-12237)<br><br>(Certified Copies Attached) | |
| 09/05/2024 | | REMOVED to the U.S. District Court<br>Of Massachusetts | |
| 09/05/2024 | | Event Result:: BLS Rule 16 Litigation Control Conference scheduled on:<br>    09/26/2024 02:00 PM<br>Has been: Canceled        For the following reason: Court Order<br>Comments: Removal to U.S. District Ct<br>Hon. Debra A Squires-Lee, Presiding<br>Staff:<br>    Beatriz E Van Meek, Assistant Clerk Magistrate | Squires-Lee |
| 09/05/2024 | | Case transferred to another court. | |

| NOTICE TO APPEAR FOR BLS Rule 16 Litigation Control Conference | DOCKET NUMBER 2484CV01680 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Temesgen, Bereket vs. Macy's Inc | John E. Powers III, Acting Clerk of Court Suffolk County Civil |
|---|---|

| TO:  Joel D Smith, Esq. Smith Krivoshey, P.C. 867 Boylston St Fifth Floor Boston, MA 02116 | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |
|---|---|

The Court will hear the following event:

## BLS Rule 16 Litigation Control Conference

Counsel should appear as follows:

Date: 09/26/2024

Time: 02:00 PM

Event Type: In Person

Session/ Courtroom Location:     BOS-10th FL, CR 1017 (SC)

Counsel shall kindly confer prior to date and be prepared to discuss any and all matters within the Rule, but in particular:

1. Proposed agenda for the conference;
2. Issues of confidentiality and impoundment;
3. Agreements with respect to:
   a. Initial disclosure of relevant documents by both sides without the necessity of a Rule 34 request;
   b. Phased discovery as to certain subjects areas;
   c. Limitations on the number of discovery events;
   d. Limitations on the scope of discovery;
4. E-Discovery pursuant to Mass. R. Civ. P. 26(f);
5. Any other issues with respect to the case management; and
6. Proposed Tracking Order tailored to the needs of your case.  Please bring a written proposal to the conference for discussion indicating areas of agreement or disagreement.

Please note that the Superior Court encourages lawyers with cases filed in our civil docket to take affirmative steps to promote the participation of less senior lawyers in courtroom proceedings. Those affirmative steps could include, but

are not limited to, encouraging participation of relatively inexperienced attorneys in initial scheduling conferences, status conferences, hearings on discovery and dispositive motions, and examination of witnesses at trial.

| DATE ISSUED | ASSOCIATE JUSTICE | |
|---|---|---|
| 06/27/2024 | Hon. Kenneth W Salinger | John E. Powers III, Acting Clerk of Court |

| NOTICE TO APPEAR FOR<br>**BLS Rule 16 Litigation Control<br>Conference** | DOCKET NUMBER<br>**2484CV01680** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br>**Temesgen, Bereket vs. Macy's Inc** | John E. Powers III, Acting Clerk of Court<br>Suffolk County Civil |
|---|---|

| TO: **Macy's Inc**<br>**No addresses available** | COURT NAME & ADDRESS<br>Suffolk County Superior Court - Civil<br>Suffolk County Courthouse, 12th Floor<br>Three Pemberton Square<br>Boston, MA 02108 |
|---|---|

The Court will hear the following event:

### BLS Rule 16 Litigation Control Conference

Counsel should appear as follows:

**Date: 09/26/2024**

**Time: 02:00 PM**

**Event Type: In Person**

**Session/ Courtroom Location:**    **BOS-10th FL, CR 1017 (SC)**

Counsel shall kindly confer prior to date and be prepared to discuss any and all matters within the Rule, but in particular:

1. Proposed agenda for the conference;
2. Issues of confidentiality and impoundment;
3. Agreements with respect to:
   a. Initial disclosure of relevant documents by both sides without the necessity of a Rule 34 request;
   b. Phased discovery as to certain subjects areas;
   c. Limitations on the number of discovery events;
   d. Limitations on the scope of discovery;
4. E-Discovery pursuant to Mass. R. Civ. P. 26(f);
5. Any other issues with respect to the case management; and
6. Proposed Tracking Order tailored to the needs of your case. Please bring a written proposal to the conference for discussion indicating areas of agreement or disagreement.

Please note that the Superior Court encourages lawyers with cases filed in our civil docket to take affirmative steps to promote the participation of less senior lawyers in courtroom proceedings. Those affirmative steps could include, but

are not limited to, encouraging participation of relatively inexperienced attorneys in initial scheduling conferences, status conferences, hearings on discovery and dispositive motions, and examination of witnesses at trial.

| DATE ISSUED<br>06/27/2024 | ASSOCIATE JUSTICE<br>**Hon. Kenneth W Salinger** | **John E. Powers III, Acting Clerk of Court** |
|---|---|---|

Date/Time Printed: 06-27-2024 12:26:44                                                                                      SCV132I 05/2024

| NOTICE TO APPEAR FOR<br>**BLS Rule 16 Litigation Control<br>Conference** | DOCKET NUMBER<br>**2484CV01680** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|
| CASE NAME:<br>**Temesgen, Bereket vs. Macy's Inc** | | John E. Powers III, Acting Clerk of Court<br>Suffolk County Civil |
| TO: **File Copy** | | COURT NAME & ADDRESS<br>Suffolk County Superior Court - Civil<br>Suffolk County Courthouse, 12th Floor<br>Three Pemberton Square<br>Boston, MA 02108 |

The Court will hear the following event:

### BLS Rule 16 Litigation Control Conference

Counsel should appear as follows:

**Date: 09/26/2024**

**Time: 02:00 PM**

**Event Type: In Person**

**Session/ Courtroom Location:**    **BOS-10th FL, CR 1017 (SC)**

Counsel shall kindly confer prior to date and be prepared to discuss any and all matters within the Rule, but in particular:

1. Proposed agenda for the conference;
2. Issues of confidentiality and impoundment;
3. Agreements with respect to:
   a. Initial disclosure of relevant documents by both sides without the necessity of a Rule 34 request;
   b. Phased discovery as to certain subjects areas;
   c. Limitations on the number of discovery events;
   d. Limitations on the scope of discovery;
4. E-Discovery pursuant to Mass. R. Civ. P. 26(f);
5. Any other issues with respect to the case management; and
6. Proposed Tracking Order tailored to the needs of your case. Please bring a written proposal to the conference for discussion indicating areas of agreement or disagreement.

Please note that the Superior Court encourages lawyers with cases filed in our civil docket to take affirmative steps to promote the participation of less senior lawyers in courtroom proceedings. Those affirmative steps could include, but

are not limited to, encouraging participation of relatively inexperienced attorneys in initial scheduling conferences, status conferences, hearings on discovery and dispositive motions, and examination of witnesses at trial.

| DATE ISSUED<br>06/27/2024 | ASSOCIATE JUSTICE<br>**Hon. Kenneth W Salinger** | **John E. Powers III, Acting Clerk of Court** |
|---|---|---|

*1*

## COMMONWEALTH OF MASSACHUSETTS
## SUFFOLK COUNTY SUPERIOR COURT

*2484CV1680*

| | |
|---|---|
| Bereket Temesgen, individually and on behalf of all others similarly situated, | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| Macy's, Inc., | |
| Defendant. | |

Plaintiff Bereket Temesgen ("Plaintiff"), by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge, against Defendant Macy's, Inc. ("Defendant" or "Macy's").

## NATURE OF THE ACTION

1.    This is a class action suit brought against Defendant Macy's, Inc. for encroaching upon Plaintiff's and other similarly situated individuals' privacy rights under Mass. Gen. Laws ch. 93, § 105 (the "Massachusetts Consumer Privacy in Commercial Transactions Act" or "CPICTA").

2.    The CPICTA, at § 105(a), reads:

> No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form. Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number.

> The provisions of this section shall apply to all credit card transactions; provided, however, that the provisions of this section shall not be construed to prevent a person, firm, partnership, corporation or other business entity from requesting information is necessary for shipping, delivery or installation of purchased merchandise or services or for a warranty when such information is provided

1

voluntarily by a credit card holder.

3.     To summarize, the CPICTA prohibits companies such as Defendant from requiring consumers to providing their personal information (*e.g.*, address, telephone number) when making a credit card transaction, unless such information is necessary for the transaction (*e.g.*, shipping or delivery).

4.     Per the Supreme Judicial Court of Massachusetts, this provision's "purpose was to safeguard consumer privacy and more particularly to protect consumers using credit cards from becoming the recipients of unwanted commercial solicitations from merchants with access to their identifying information." *Tyler v. Michaels Stores, Inc.*, 464 Mass. 492, 498 (2013).

5.     Nonetheless, and in contravention of the CPICTA, Defendant requires each of its online shoppers paying by credit card and checking out via its website's credit card transaction form to write personal identification information not required by credit card issuers—their email address.

6.     Defendant then uses the collected email addresses to send unwanted commercial solicitations—namely, spam marketing emails ("Spam")—to said consumers.

7.     Mass. Gen. Laws ch. 93, § 105(d) states: "Any violation of the provisions of this chapter shall be deemed to be an unfair and deceptive trade practice, as defined in section 2 of chapter 93A."

8.     Plaintiff therefore brings this action individually and on behalf of a class of all other similarly situated consumers to recover damages and restitution under the Massachusetts Unfair and Deceptive Business Practices Act, Mass. Gen. Laws Ch. 93A ("Chapter 93A") predicated upon Defendant's violations of the CPICTA.

**PARTIES**

9.     Plaintiff Bereket Temesgen is a citizen of Massachusetts who resides in Hyde

2

Park, Massachusetts. In or around May 2022, Mr. Temesgen purchased a dress shirt and a tie online from Macy's, paid by credit card, and checked out via the Macy's website's credit card transaction form (located at www.macys.com). As part of this process, Mr. Temesgen was required by Macy's to write personal identification information not required by credit card issuers—his email address. Mr. Temesgen's email address was not a necessary part of the transaction, as it was not required for shipping, delivery, installation, or any other purpose. Shortly after completing his online Macy's purchase, in or around May 2022, Mr. Temesgen began receiving spam marketing emails from Macy's. Mr. Temesgen never signed up for or otherwise consented to the receipt of this Spam. Further, the Spam is a nuisance, Macy's caused Mr. Temesgen to waste his time reading or otherwise addressing the Spam, and the Spam consumed valuable storage space in Mr. Temesgen's email mailbox.

10.    Defendant Macy's, Inc. is a Delaware corporation with its principal place of business at 151 West 34th Street New York, New York 10001. Defendant is the largest department store chain in the nation, and it operates retail locations throughout the Commonwealth.[1] Defendant targets consumers whom it knows to reside in Massachusetts (based on shipping information provided during checkout) with Spam.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction over this matter pursuant to Mass. Gen. Laws ch. 212, §§ 3 and 4 because this is a civil action where the aggregate claims of all members of the proposed class are in excess of $50,000, exclusive of interest and costs.

12.    The Court has personal jurisdiction over Defendant pursuant to Mass. Gen. Laws ch. 223A § 3(a) and (b) because Defendant regularly transacts business and contracts to supply

---

[1] https://www.macys.com/stores/ma/.

3

services in Massachusetts.

13.    Venue is proper in this County pursuant to Mass. Gen. Laws ch. 223 § 2 because Plaintiff lives in this County.

14.    Venue is proper in the Business Litigation Session ("BLS"), pursuant to Superior Court Administrative Directive No. 17-1, because this case is complex and is brought as a class action which will require substantial case management.

## FACTUAL ALLEGATIONS

15.    As industry leaders,[2] trade groups,[3] and courts[4] agree, an email address is "personal identification information[.]"  The Supreme Judicial Court of Massachusetts has held that "a zip code may well qualify as personal identification information under § 105 (a). This is so because . . . a consumer's zip code, when combined with the consumer's name, provides the merchant with enough information to identify through publicly available databases the consumer's address or telephone number[.]"  *Tyler v. Michaels Stores, Inc.*, 464 Mass. 492, 499–501 (2013).  In interpreting California's analogous Song-Beverly Credit Card Act of 1974, Cal. Civ. Code § 1747, *et seq.*, the United States District Court for the Eastern District of California compared zip codes and email addresses, finding: "[A] cardholder's email address 'pertain[s] to or regards to a cardholder' in a more specific and personal way than does a ZIP code. . . . Therefore, this Court predicts that the California Supreme Court would decide that an email address constitutes 'personal identification information[.]'"  *Capp v. Nordstrom, Inc.*, No. 2:13-

---

[2] https://www.adexchanger.com/data-exchanges/can-email-be-the-next-big-online-identifier/ (quoting Tom Kershaw, CTO of Magnite, who said "[a]n email address is universally considered to be PII[.]").

[3] https://thenai.org/wp-content/uploads/2021/07/nai_code2020.pdf (the Network Advertising Initiative Code of Conduct, identifying email as PII).

[4] *See United States v. Hastie*, 854 F.3d 1298, 1303 (11th Cir. 2017) ("Email addresses fall within the ordinary meaning of information that identifies an individual. They can prove or establish the identity of an individual.").

4

CV-00660-MCE-AC, 2013 WL 5739102, at *6 (E.D. Cal. Oct. 22, 2013) (citations omitted).

That is, just like a zip code, a consumer's email address provides merchants like Defendant with

enough information to identify through publicly available databases a consumer's address or

telephone number.[5] And as the United States District Court for the Eastern District of California

went on to conclude: "Defendant's alleged conduct in this case—acquiring Plaintiff's email

address for one reason, . . . and then using the address for another reason, to send him

promotional emails . . . directly implicates the purposes of the statute[.]" *Id.* at *7.

      16.     When checking out from Defendant's website, www.macys.com, online shoppers

who wish to maintain their privacy, like Plaintiff and other Class Members, are presented with

the option to "Checkout as Guest":



---

[5] Various companies claim the ability to reverse append email addresses to obtain customers'
street addresses and telephone numbers. *See, e.g.,* https://www.edq.com/email-
verification/append/ ("Reverse email append service takes email addresses and matches other
information you lack"); https://docs.experianaperture.io/identity-append/experian-identity-
append/overview/introduction/#reverse-email-append ("Reverse email append is a service that
allows you to input an email address and receive the name and address of the individual
associated with that email."); https://www.listsolutions.com/our-services/ ("Reverse Email
Append[:] Overlay name and address postal information to your email only database");
https://cdn2.hubspot.net/hub/68599/file-310417248-pdf/docs/towerdata_reverseemailappend.pdf
("TowerData's Reverse Email Append service can enhance your email database by adding the
names and postal addresses of your customers. You'll gain the ability to market to them through
direct mail"); https://dmdatabases.com/data-append/reverse-email-append/ ("What is reverse
email append? If you have a database only consisting of email addresses, then we can match the
email addresses against a massive cooperative database to append postal addresses, contact
names, cell phone numbers, and other valuable data").

17.    Then, a shopper enters their shipping address so that Defendant may estimate shipping and tax costs:



18.    After making this selection, shoppers are required by Defendant to enter their email address into the Macy's website's credit card transaction form, to proceed with the checkout process. If a consumer attempts to opt out of Defendant's email collection by leaving the email field blank, they are shown an error message that declares, "Enter email address" and they are precluded from continuing to the next checkout stages:



6

19.     As the foregoing makes clear, there is no reason why a customer must provide their email addresses for a credit card transaction. A customer furnishes their shipping address for delivery, and they must also provide their phone number (presumably for communications).

20.     In addition, Defendant appears to solicit consent to send future emails to shoppers (with a checkbox marked, "Send me emails about sales, events, new arrivals, and more!"). But *even if consumers choose not to click this box*, Defendant still sends them marketing emails.



21.     As evidence of this, Plaintiff's counsel purchased an item online from Macy's with a credit card on or around December 13, 2023. Plaintiff's counsel entered an email address but did not check the box labeled "Send me emails about sales, events, new arrivals, and more." Despite not clicking the box, Defendant then sent Plaintiff's counsel numerous emails over the following months. While some of these emails related to a purchase, the others were solicitations.

22.     For individuals, like Plaintiff and other Class Members, who did not check Defendant's "Send me emails about sales, events, new arrivals, and more[]" box, these commercial solicitations constitute unwanted Spam for which they never signed up and to which they never otherwise consented. Further, because Plaintiff and Class Members are never given

7

the option to not to provide their email address and are sent emails regardless of whether or not they check the box, any consent provided is meaningless and invalid.

23.    The Spam is a nuisance because it interferes with Plaintiff and other Class Members' use and enjoyment of their email mailboxes by, *inter alia*, causing irritation; acting as a distraction; displacing other, more important (and consented-to) emails; and creating visual clutter.

24.    By sending Spam, Macy's caused Plaintiff and fellow Class Members to waste their time reading or otherwise addressing the Spam (i.e., discerning how, if possible, to unsubscribe from the Spam; block Macy's as a sender; and/or report the Spam to their email provider).

25.    The Spam also consumed valuable storage space in Plaintiff and other Class Members' email mailboxes. Many of the most popular free email mailboxes (i.e., Apple's iCloud, Google's Gmail, Microsoft's Outlook, and Proton AG's Proton Mail) have storage limits. A deluge of spam emails, as sent by Defendant, can quickly eat into free email mailbox storage space and force users to expend either time and labor to delete messages or money to procure additional storage space. For paid email mailbox users, spam emails deplete storage space that has been acquired with hard-earned savings.

<u>**CLASS REPRESENTATION ALLEGATIONS**</u>

26.    Plaintiff seeks to represent a class defined as

        All persons in Massachusetts who made a purchase on www.macys.com using a
        credit card (The "Class").

27.    Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this

action by mail and/or publication through the distribution records of Defendant and third-party

retailers and vendors.

28.    Common questions of law and fact exist as to all Class members and predominate

over questions affecting only individual Class members.  Common legal and factual questions

include, but are not limited to:

(a)    whether Defendant's conduct as alleged herein violates Massachusetts law, including the provisions of the CPICTA;

(b)    whether Defendant is a "person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction" under Mass. Gen. Laws ch. 93, § 105(a);

(c)    whether an email address constitutes "personal identification information" under Mass. Gen. Laws ch. 93, § 105(a);

(d)    whether Plaintiff and Class members were injured by Defendant's conduct;

(e)    whether Plaintiff and Class members are entitled to damages under Chapter 93A; and

(f)    whether Plaintiff and the other members of the Class are entitled to equitable relief, including but not limited to injunctive or declaratory relief.

29.    The claims of the named Plaintiff are typical of the claims of the Class in that the

named Plaintiff purchased a dress shirt and a tie online, in or around May 2022, from Macy's,

paid by credit card, and checked out via the Macy's website's credit card transaction form.  As

part of this process, Plaintiff, like all other Class Members, was required by Macy's to write

personal identification information not required by credit card issuers—his email address.

Shortly after completing his online Macy's purchase, Plaintiff, like all other Class Members,

began receiving Spam from Macy's, in or around May 2022.  Plaintiff, like all other Class

Members, never signed up for or otherwise consented to the receipt of this Spam.  Further, like

all other Class Members, Plaintiff experienced how the Spam is a nuisance, Macy's caused

Plaintiff to waste his time reading or otherwise addressing the Spam, and the Spam consumed valuable storage space in Plaintiff's email mailbox.

30.    Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, Plaintiff has retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

31.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation Of Chapter 93A
### Based On Violation Of The CPICTA

32.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

33.    Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

34.    The CPICTA reads:

> No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form. Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number.
>
> The provisions of this section shall apply to all credit card transactions; provided, however, that the provisions of this section shall not be construed to prevent a person, firm, partnership, corporation or other business entity from requesting information is necessary for shipping, delivery or installation of purchased merchandise or services or for a warranty when such information is provided voluntarily by a credit card holder.

Mass. Gen. Laws ch. 93, § 105(a).

35.    Defendant is a "corporation or other business entity[.]"

36.    Defendant "accepts a credit card for business transactions[,]" including for its online sales of goods to consumers like Plaintiff and other Class Members.

37.    In contravention of the CPICTA, Defendant "require[s] that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form." Namely, Defendant requires each of its online shoppers paying by credit card and checking out via its website's credit card transaction form (located at www.macys.com) to write their email address.

38.    An email address is "personal identification information" because it provides merchants like Defendant with enough information to identify, through publicly available databases, a credit card holder (including their address and telephone number).

39.    An email address is "not required by the credit card issuer." Cardholder name, credit card number, expiration date, and/or card verification code are the only four details that

11

credit card issuers require merchants, like Defendant, to collect for online transactions.[6]

      40.    The Macy's website's credit card transaction form (located at www.macys.com) is a "credit card transaction form."

      41.    The CPICTA's limited exception does not apply because an email address is not necessary for shipping, delivery, installation or a warranty, yet Defendant required consumers to provide an email address.

      42.    Per the Supreme Judicial Court of Massachusetts, "When a merchant acquires personal identification information in violation of § 105 (a) and uses the information for its own business purposes, whether by sending the customer unwanted marketing materials or by selling the information for a profit, the merchant has caused the consumer an injury that is distinct from the statutory violation itself and cognizable under G.L. c. 93A, § 9." *Tyler*, 464 Mass. at 503-04.

      43.    "[R]eceipt of unwanted marketing material as a result of a § 105 (a) violation represents an invasion of the consumer's personal privacy causing injury or harm worth more than a penny, and the consumer is thus entitled to the minimum statutory damage award of twenty-five dollars under G.L. c. 93A, § 9(3)." *Tyler*, 464 Mass. at 504 n.20.

      44.    Absent injunctive relief, Defendant may continue to violate the law and violate the rights of Massachusetts credit card holders. Plaintiff thus asks this court to declare

---

[6] https://upgradedpoints.com/credit-cards/security-code-cvv/ ("all merchants require . . . the cardholder's name, card number, and expiration date. Most merchants also require a CVV code when purchasing online[.]"). *See also* https://www.chase.com/personal/credit-cards/education/basics/why-do-some-sites-not-require-cvv ("when you're making a credit card purchase online[,] . . . in addition to the credit card number and expiration date, you may also be asked for the CVV[.]"); https://money.com/what-is-a-credit-card-cvv/ ("The merchant collects a customer's card information: the account number, the expiration date and the CVV number."); https://listings.pcisecuritystandards.org/documents/Protecting_Telephone_Based_Payment_Card_Data_v3-0_nov_2018.pdf ("[f]or card-not-present (CNP) fraud, a criminal only needs to obtain the PAN [(Primary Account Number, which is the card number)], cardholder name, expiry date and, sometimes, the card verification code[.]").

12

Defendant's conduct to be unlawful under the CPICTA and enjoin Defendant from continuing to violate Massachusetts law.

45.   Plaintiff also seeks damages as a result of Defendant's violations of Mass. Gen. Laws ch. 93, § 105. Mass. Gen. Laws ch. 93, § 105(d) states: "Any violation of the provisions of this chapter shall be deemed to be an unfair and deceptive trade practice, as defined in section 2 of chapter 93A." Thus, Plaintiff seeks statutory damages of not less than twenty-five dollars per violation, the recovery of up to three but not less than two times this amount because Defendant acted willfully and knowingly (*see infra*), and attorney's fees and costs, pursuant to the Massachusetts Unfair and Deceptive Business Practices Act, Mass. Gen. Laws Ch. 93A, *et seq.*

46.   In accordance with Mass. Gen. Laws Ch. 93A, § 9(3), on or around May 8, 2024, Plaintiff's counsel served Defendant with written notice of its violation of Ch. 93A and a demand for relief.  A true and correct copy of the letter is attached hereto as **Exhibit 1**.  Defendant did not make a written tender of settlement for the putative class and denied all wrongdoing.

## RELIEF DEMANDED

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.   For an order certifying the Class and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

b.   For an order declaring that Defendant's conduct violates the statutes referenced herein;

c.   For an order finding in favor of Plaintiff and the Class, on all counts asserted herein;

d.   For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.   For prejudgment interest on all amounts awarded;

f.   For an order of restitution and all other forms of equitable monetary relief;

g.    For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective advertising campaign; and

h.    For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: June 24, 2024

Respectfully submitted,

**SMITH KRIVOSHEY, P.C.**

By: */s/ Joel D. Smith*
           Joel D. Smith

Joel D. Smith (BBO No. 712418)
867 Boylston Street, 5th Floor
Boston, MA 02116
Telephone: (617) 377-7404
Email: joel@skclassactions.com

**BURSOR & FISHER, P.A.**
Joshua D. Arisohn (*Pro Hac Vice* forthcoming)
Max S. Roberts (*Pro Hac Vice* forthcoming)
1330 Avenue of the Americas
New York, NY 10019
Telephone: (646) 837-7150
Fax: (212) 989-9163
Email: jarisohn@bursor.com
          mroberts@bursor.com

*Attorneys for Plaintiff*

I HEREBY ATTEST AND CERTIFY ON
September 5, 2024 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:
Asst. Clerk

14

*2*

| BUSINESS LITIGATION SESSION (BLS) CIVIL ACTION COVER SHEET | CIVIL DOCKET NUMBER (Court Use Only) 2484CV1680 | Massachusetts Trial Court<br><br>Suffolk Superior Court<br>Business Litigation Session |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Bereket Temesgen | Macy's, Inc. |
| ATTORNEY NAME, FIRM NAME, ADDRESS, PHONE NUMBER, EMAIL ADDRESS, BOARD OF BAR OVERSEERS (BBO) NUMBER<br>Joel D. Smith (BBO No. 712418)<br>Smith Krivoshey, PC<br>867 Boylston Street, 5th Floor, Boston, MA 02116<br>617-377-7404<br>joel@skclassactions.com | (IF KNOWN) ATTORNEY NAME, FIRM NAME, ADDRESS, PHONE NUMBER, EMAIL ADDRESS, BBO NUMBER |

**CASE CATEGORY CODE AND CASE TYPE (SEE INSTRUCTIONS)**

BLS Case Category Code: B-2 **BH.2**

Is this a jury case? ☐ YES ☑ NO

Case Type: Claims of unfair trade practices involving complex issues, including class actions that do not involve personal injury

*At the initial Rule 16 Conference, a Special Tracking Order will be created for this case.*

Please provide a detailed statement of the facts and reasons why this case should be accepted into the Business Litigation Session, including the amount in controversy:

This is a putative class action alleging that Macy's, Inc. violates its customers' privacy rights under Mass. Gen. Laws ch. 93, § 105 (the "Massachusetts Consumer Privacy In Commercial Transactions Act" or "CPICTA"). Specifically, the CPICTA prohibits companies from requiring a consumer to write personal identification information not required by the credit card issuer when making a credit card transaction. Macy's violates the CPICTA by requiring Massachusetts online shoppers to provide their email address when making purchases online, and that information is then used to send unsolicited spam emails to the customers.

The CPICTA provides for Mass. Gen. Laws ch. 93A statutory damages of at least $25 per violation, plus attorney's fees and costs. Accordingly, damages in this case are estimated to be in the millions.

Plaintiff is unaware of any pending related cases.

I HEREBY ATTEST AND CERTIFY ON September 25, 2024, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
ASST. Clerk

*If applicable, please identify the case docket number, case name, and county in which there is any related case or cases pending in the Superior Court or any other court.*

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my client(s) with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various dispute resolution methods."

Signature of Attorney of Record: Joel Smith                    Date: 6/24/24

3

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

CIVIL DOCKET#: **2484CV01680-BLS2**

Case: Temesgen v. Macy's, Inc.

## <u>NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION</u>

This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to **BLS2**.

<u>Hereafter, as shown above, all parties must include the initials "BLS2" at the end of the docket number on all filings.</u>

Counsel for the plaintiff(s) is hereby advised that within seven (7) days of the filing of an appearance, answer, motion or other response to the complaint by or on behalf of the defendant(s) which has been served with process within the time limitation of Mass. R. Civ. P. 4(j), or such other time as may be modified by the Court, he or she shall send notice thereof to the appropriate BLS Session Clerk at Suffolk Superior Court, Three Pemberton Square, Boston, MA 02108.

Upon receipt of such notice, the Court will issue a Notice of Initial Rule 16 Conference for purposes of meeting with all counsel. Before the Rule 16 Conference, counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Project on Discovery (counsel are directed to www.mass.gov/superior-court-business-litigation-session for description of the Project). Counsel may indicate their respective client's participation by completing, filing, and serving the attached form. If by the date of the initial Rule 16 Conference, not all parties have given notice of their participation, counsel shall be prepared to discuss at that conference whether their clients will participate in the Project.

The Court requests that plaintiff's counsel serve on opposing parties a copy of this notice and the attached form.

Dated: June 25, 2024

/s/ Kenneth W. Salinger

Kenneth W. Salinger
Justice of the Superior Court &
Administrative Justice of the Business Litigation Session

I HEREBY ATTEST AND CERTIFY ON
September 5 2024, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY
Asst. Clerk

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

CIVIL DOCKET#: _____

Case: _____

    As you may know, the Business Litigation Session began implementing a Discovery Project in January, 2010. This project is available on a voluntary basis for all new cases accepted into the BLS and for cases which have not previously had an initial case management conference. Counsel should be prepared to discuss the project with the Court at the initial case management conference. For a detailed copy of the BLS Discovery Project, counsel are directed to the Trial Court home page at: www.mass.gov/superior-court-business-litigation-session)

    If a party is willing to participate in the project, that party's counsel should so indicate below and return this form to the appropriate session clerk.

    ___ (Check) Yes, _____ is willing to participate in the Discovery Project.
                         (Party's Name)

Case Name _____

Docket Number CIVIL DOCKET#: _____

Counsel For_____    Date_____

Firm Name and Address:

_____

_____

_____

Please complete this form and return it to:

| Assistant Clerk - BLS1 | **OR** | Assistant Clerk - BLS2 |
|---|---|---|
| BLS1, Room 1015 | | BLS2, Room 1017 |
| 3 Pemberton Square | | 3 Pemberton Square |
| Boston, MA 02108 | | Boston, MA 02108 |

- 2 -

4

MH

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK COUNTY, ss.                          SUPERIOR COURT
                                             Civil Action No. 2484CV01680-BLS2

Bereket Temesgen, individually and on behalf    )
of all others similarly situated,               )
                                                )    Civil Action No. 2484CV01680-BLS2
                              Plaintiff,        )
                                                )
v.                                              )
                                                )
Macy's, Inc.,                                   )
                                                )
                              Defendant.        )

## ANSWER AND JURY DEMAND OF MACY'S, INC. TO PLAINTIFF'S COMPLAINT (STYLED AS A CLASS ACTION COMPLAINT)

The Defendant, Macys.com LLC improperly named Macy's, Inc. ("Defendant"), by and

through its undersigned counsel, and for its answer to Plaintiff Bereket Temesgen's ("Plaintiff")

Complaint, styled as a Class Action Complaint ("Complaint"), responds to each and every

corresponding paragraph of Plaintiff's Complaint as follows:

### NATURE OF THE ACTION

1.    Paragraph 1 summarizes the nature of the action and states the statute under

which the claims are alleged. As such, there are no facts to which a response is required. To the

extent that a response is required, Defendant denies that it violated the cited statute and further

denies that it is otherwise liable in this action.

2.    Paragraph 2 purports to quote the statute under which the claims are alleged, the

text of which speaks for itself. To the extent the cited language deviates from the text of the

actual statute, it is denied. As such, there are no facts to which a response is required. To the

extent that a response is required, Defendant denies that it violated the cited statute and further

denies that it is otherwise liable in this action.

3.      Paragraph 3 purports to summarize the statute under which the claims are alleged.
As such, there are no facts to which a response is required as the text of the statute speaks for
itself. To the extent that a response is required, Defendant denies that it violated the cited statute
and further denies that it is otherwise liable in this action.

4.      Paragraph 4 purports to quote the cited case, the text of which speaks for itself. As
such, there are no facts to which a response is required. To the extent that a response is required,
Defendant admits the case contains the quoted language but denies that it violated the statute
referred to in the quote and further denies that it is otherwise liable in this action.

5.      Defendant denies each and every allegation set forth in Paragraph 5.

6.      Defendant denies each and every allegation set forth in Paragraph 6.

7.      Paragraph 7 purports to quote the statute under which the claims are alleged, the
text of which speaks for itself. To the extent the cited language deviates from the text of the
actual statute, it is denied. As such, there are no facts to which a response is required. To the
extent that a response is required, Defendant denies that it violated the cited statute and further
denies that it is otherwise liable in this action.

8.      Paragraph 8 summarizes the nature of the action and states the statute under
which the claims are alleged. As such, there are no facts to which a response is required. To the
extent that a response is required, Defendant denies that it violated the cited statute, denies that
that the class Plaintiff seeks to represent is properly certifiable or properly defined, and further
denies that it is otherwise liable in this action.

## PARTIES

9.      Defendant admits only the allegations set forth in Paragraph 9 as to Plaintiff's
residence on information and belief. Defendant is without knowledge or information sufficient to

form a belief as to the truth of the allegations set forth in Paragraph 9 regarding the facts

surrounding Plaintiff's purchase as the relevant details have not been provided to Defendant to

allow a proper investigation, and therefore, denies them. Additionally, Defendant is without

knowledge or information sufficient to form a belief as to the truth of the allegations as to

whether Plaintiff received marketing emails as the email address to which the materials were

allegedly sent has not been provided despite being requested. Defendant denies, however, that

marketing materials are sent to consumers who opt out of receiving those materials. Defendant

denies each and every further allegation set forth in Paragraph 9.

10.      Defendant admits the allegations in Paragraph 10 as to its state of incorporation,

principal place of business, and the fact that it is a retailer operating in Massachusetts. Defendant

denies each and every further allegation set forth in Paragraph 10.

## JURISDICTION AND VENUE

11.      Paragraph 11 states a legal conclusion to which no response is required. To the

extent a response is required, Defendant admits that this matter may be filed in this court except

for the claims of those putative class members that are subject to arbitration.

12.      Paragraph 12 states a legal conclusion to which no response is required. To the

extent a response is required, Defendant admits that this matter may be filed in this court except

for the claims of those putative class members that are subject to arbitration.

13.      Paragraph 13 states a legal conclusion to which no response is required. To the

extent a response is required, Defendant admits that Plaintiff lives in this County on information

and belief.

14.      Paragraph 14 states a legal conclusion to which no response is required. To the

extent a response is required, Defendant admits that the Complaint purports to have commenced

this case as a putative class action and this matter may require substantial management, but denies that the class Plaintiff seeks to represent is properly certifiable or properly defined, and denies each and every further allegation set forth in Paragraph 14.

## **FACTUAL ALLEGATIONS**

15.     Paragraph 15 states a legal conclusion based on what has allegedly been said by industry leaders, trade groups, and courts in foreign jurisdictions, and thus, no response is required. To the extent that a response is required, Defendant denies that obtaining email addresses for online purchases falls within the purview of the statutes allegedly violated in this matter. Defendant further denies that the cited sources have determined the specific issue before this court as the citations refer to zip codes and not email addresses. To the extent that this paragraph is simply a citation of alleged sources, Defendant denies the paragraph's characterization that an agreement exists, but admits that the cited authorities speak for themselves, and that the cited text appears to have been quoted accurately. Defendant denies each and every further allegation set forth in Paragraph 15 and the footnotes thereto.

16.     Defendant admits the allegations set forth in Paragraph 16 to the extent that it alleges customers are offered the option to check out as a guest on its website but denies that customers use the "guest" checkout because they want to protect their privacy. Defendant denies each and every further allegation set forth in Paragraph 16.

17.     Defendant admits the allegations set forth in Paragraph 17 only to the extent that it alleges online shoppers making an online purchase enter their shipping address on the purchase form but denies each and every further allegation set forth in Paragraph 17.

18.     Defendant denies each and every allegation set forth in Paragraph 18.

19.     Defendant denies each and every allegation set forth in Paragraph 19, other than to admit that the customer provides the shipping address for purposes of delivery.

20.     Defendant admits that the website asks shoppers if they want to receive additional materials about Macy's products and sales but denies each and every further allegation set forth in Paragraph 20.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 as to the actions of plaintiff's counsel, and therefore, denies them. Defendant denies each and every further allegation set forth in Paragraph 21.

22.     Defendant denies each and every allegation set forth in Paragraph 22.

23.     Defendant denies each and every allegation set forth in Paragraph 23.

24.     Defendant denies each and every allegation set forth in Paragraph 24.

25.     Defendant denies each and every allegation set forth in Paragraph 25.

## CLASS REPRESENTATION ALLEGATIONS

26.     Defendant admits that this paragraph states the purported class that Plaintiff wishes to represent but denies that the class is appropriate or otherwise properly defined or certifiable. Defendant further denies that there is any basis for a class based on the facts as stated in this action and denies each and every further allegation set forth in Paragraph 26.

27.     Defendant admits that there are numerous people who make purchases on Defendant's website in Massachusetts every day but denies that any of them have a claim as stated in this action. Defendant denies that the class Plaintiff seeks to represent is properly certifiable or properly defined.  Moreover, Defendant expressly alleges that the class definition is vague and overbroad.  Defendant further denies that Plaintiff or any member of the alleged class

Plaintiff purports to represent, the existence of which is expressly denied, is entitled to any relief whatsoever. Defendant denies each and every further allegation set forth in this paragraph.

28.    Defendant denies each and every allegation set forth in Paragraph 28 and the subparts thereto.

29.    Defendant denies each and every allegation set forth in Paragraph 29.

30.    Defendant denies each and every allegation set forth in Paragraph 30.

31.    Defendant denies each and every allegation set forth in Paragraph 31.

<div align="center">

**COUNT I**
**Violation of Chapter 93A**
**Based on Violation of the CPICTA**

</div>

32.    Defendant incorporates by reference each and every response set forth above as if fully set forth herein.

33.    Paragraph 33 states the form in which the case is alleged and states no facts to which a response is required. To the extent that a response is required, Defendant denies that it violated any statute or that it is in any way liable to the Plaintiff, and further denies that this matter is appropriate to proceed as a class action. Defendant denies each and every further allegation set forth in Paragraph 33.

34.    Paragraph 34 purports to quote the statute under which the claims are alleged, the text of which speaks for itself. To the extent the cited language deviates from the text of the actual statute, it is denied. As such, there are no facts to which a response is required. To the extent that a response is required, Defendant denies that it violated the cited statute and further denies that it is otherwise liable in this action.

6

35.     Defendant admits that it is a corporation but whether it is a corporation within the meaning of the statute cited in Paragraph 34 is a legal conclusion to which no response is required. Defendant denies each and every further allegation set forth in Paragraph 35.

36.     Defendant admits that consumers may pay for merchandise at Macy's stores and online with a credit card but the meaning of the quoted language in the context of the statute cited in Paragraph 34 is a legal conclusion to which no response is required. Defendant denies each and every further allegation set forth in Paragraph 36.

37.     Defendant denies each and every allegation set forth in Paragraph 37.

38.     Defendant denies that obtaining email addresses for online purchases falls within the purview of the statutes Plaintiff alleges were violated in this matter. Defendant further denies that an email address for an online purchase provides any additional information that cannot be gleaned from the order and shipping details provided. Defendant denies each and every further allegation set forth in Paragraph 38.

39.     Defendant denies each and every allegation set forth in Paragraph 39, including the footnote.

40.     Defendant states that the allegations in Paragraph 40 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies that it has violated the statute cited. Defendant denies each and every further allegation set forth in Paragraph 40.

41.     Defendant denies each and every allegation set forth in Paragraph 41.

42.     Paragraph 42 purports to quote the cited case, the text of which speaks for itself. As such, there are no facts to which a response is required. To the extent that a response is required, Defendant admits the case appears to contain the quoted language (however the citation

should be only to page 504), and that the case speaks for itself, but denies that it violated the statute referred to in the quote and further denies that it is otherwise liable in this action. Defendant denies each and every further allegation set forth in Paragraph 42.

43.     Paragraph 43 purports to quote the cited case, the text of which speaks for itself. As such, there are no facts to which a response is required. To the extent that a response is required, Defendant admits the case appears to contain the quoted language, and that the case speaks for itself, but denies that it violated the statute referred to in the quote and further denies that it is otherwise liable in this action. Defendant admits that the cited statute does provide for damages of $25 per violation. Defendant denies each and every further allegation set forth in Paragraph 43.

44.     Defendant denies that it has violated the statutes under which the claims are brought in this action and further denies that injunctive relief is appropriate. Defendant denies each and every further allegation set forth in Paragraph 44.

45.     Paragraph 45 purports to quote the cited statute, the text of which speaks for itself. As such, there are no facts to which a response is required. To the extent that a response is required, Defendant admits the statute appears to contain the quoted language, the text of which speaks for itself, but denies that it violated the statute referred to in the quote and further denies that it is otherwise liable in this action. Defendant admits that the cited statute does provide for damages of $25 per violation plus multiple damages and attorney fees. Defendant denies each and every further allegation set forth in Paragraph 45.

46.     Defendant admits that Plaintiff sent a letter that is attached as Exhibit A, but the letter failed in several aspects to meet the requirements of Ch. 93A, and thus was not sent in

accordance with Ch. 93A. Defendant, therefore, denies each and every remaining allegation set forth in Paragraph 46 other than to admit it did, and continues, to deny all wrongdoing.

## AS TO RELIEF DEMANDED

Defendant denies the allegations set forth in Plaintiff's Relief clause and all of its subparts, and specifically denies that Plaintiff is entitled to any damages or any of the relief sought therein. Defendant denies any and all allegations not expressly admitted herein.

## DEFENSES

Defendant, having denied each and every allegation contained in Plaintiff's Complaint not expressly admitted above, and without assuming any burden of proof it otherwise would not have, alleges as follows:

## FIRST DEFENSE

To the extent that Plaintiff, and/or any person that Plaintiff purports to represent in this case, has a Macy's-branded credit card account or Macy's-branded American Express credit card account and used that card to complete the checkout process, any claims asserted by such person(s) are subject to binding arbitration pursuant to the express terms of the arbitration provision(s) contained in the terms and conditions governing such accounts and covering the claims asserted by Plaintiff and/or the class. Thus, this court has no jurisdiction over the claims of any party in the purported class who is bound to arbitration.

## SECOND DEFENSE

Plaintiff's Complaint, claims, and damages are barred in whole or in part because Plaintiff has sued an improper party.

### THIRD DEFENSE

Plaintiff's Complaint, claims, and damages are barred in whole or in part because Plaintiff has failed to join an indispensable party.

### FOURTH DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against Defendant for which relief can be granted.

### FIFTH DEFENSE

Plaintiff is not entitled to any injunctive relief because Plaintiff has an adequate remedy at law for any conduct complained of, and/or Plaintiff lacks standing to pursue such relief.

### SIXTH DEFENSE

Plaintiff has failed to satisfy the statutory prerequisites necessary for the assertion of a claim under G.L. c. 93A, including without limitation Plaintiff's failure to serve a proper 93A letter in advance of filing the present action, request any specific relief in said letter, and provide sufficient information in the letter – despite a request from Defendant.

### SEVENTH DEFENSE

Defendant is legally required by the Federal Trade Commission to provide notice to online customers of any delay in the receipt or shipping of their merchandise. 16 C.F.R. Part 435. Customers using the "guest check out" process are asked to provide an email address to facilities these communications.

### EIGHTH DEFENSE

The cited statute does not apply to online purchases and further, Defendant has independent reasons for the request for the email addresses which are used to facilitate communications with its customers related to purchase, shipping and delivery confirmations.

10

## NINTH DEFENSE

Consumers to whom Defendant sends marketing emails consent to receipt of the same.

## TENTH DEFENSE

To the extent Plaintiff and any putative class members may recover damages or penalties (which Defendant denies), any such award should be for a lesser amount than the maximum damages and penalties based on the facts and circumstances of this case, since to do otherwise would result in an award that is unjust, arbitrary, and oppressive or confiscatory in violation of the United States Constitution.

## ELEVENTH DEFENSE

Plaintiff has not and cannot satisfy the requirements for certification of a class.

## TWELFTH DEFENSE

Plaintiff is not a proper representative of the class he purports to represent and, accordingly, this action is not properly brought as a class action.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to recover any punitive damages because any award in this action would violate Defendant's rights to due process and/or equal protection under the United States and/or Massachusetts Constitutions.

## FOURTEENTH DEFENSE

Plaintiff's Complaint fails to state facts sufficient to constitute a claim for punitive damages against Defendant. Furthermore, Defendant did not commit oppressive, intentional, or malicious acts with respect to Plaintiff, and did not engage in despicable conduct with respect to Plaintiff.

11

### FIFTEENTH DEFENSE

Plaintiff's claims for relief are wholly insubstantial, frivolous, and not advanced in good faith; as such, Defendant is entitled to reasonable attorneys' fees, interest, and other costs and expenses pursuant to G.L. c. 231, § 6F.

### SIXTEENTH DEFENSE

To the extent that the Plaintiff failed to mitigate the alleged damages, Plaintiff cannot recover from Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The rights and obligations of the parties are governed by the contractual agreements between them, which are incorporated herein by reference, and the Plaintiff's rights, actions, remedies and damages, if any, are subject to and limited by the terms of said agreements.

### RESERVATION OF RIGHTS

Because Plaintiff's Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendant's right to assert additional defenses, if and to the extent such defenses are applicable, is hereby reserved.

### PRAYER

WHEREFORE, having answered Plaintiff's Complaint and having alleged defenses, Defendant prays:

1. That Plaintiff take nothing by the Complaint and that the Complaint be dismissed with prejudice;

2. For judgment in Defendant's favor and dismissal of all of Plaintiff's claims;

3. To recover its costs and attorneys' fees incurred in this action; and

12

4.    For such other and further relief as the Court may deem proper.

DEFENDANT DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

                                    The Defendant,
                                    Macys.com LLC improperly Named
                                    Macy's Inc.,
                                    By its Attorneys,

Date: August 26, 2024               /s/ Edward D. Shoulkin
                                    Edward D. Shoulkin | B.B.O. No. 555483
                                    eshoulkin@bglaw.com
                                    Derek M. Gillis | B.B.O. No. 684769
                                    dgillis@bglaw.com
                                    BARTON GILMAN LLP
                                    75 Federal Street, 9th Floor
                                    Boston, MA 02110
                                    617.654.8200 | 617.482.5350 – Fax

I HEREBY ATTEST AND CERTIFY ON
September 5, 2024 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

      John E. Powers, III
      Acting Clerk Magistrate
      SUFFOLK SUPERIOR CIVIL COURT
      DEPARTMENT OF THE TRIAL COURT
BY:
Asst. Clerk

13

## CERTIFICATE OF SERVICE

I, Edward D. Shoulkin, counsel for the Defendant, hereby certify that on August 26, 2024, I served a true copy of the foregoing document via electronic and/or first-class mail, postage prepaid, to the following parties of record:

Joel D. Smith | BBO No. 712418
Smith Krivoshey, P.C.
867 Boylston Street, 5th Floor
Boston, MA 02116
joel@skclassactions.com

Joshua D. Arishon (*Pro Hac Vice* forthcoming)
Max S. Roberts (*Pro Hac Vice* forthcoming)
1330 Avenue of the Americas
New Yor, NY 10019
jarisohn@bursor.com
mroberts@bursor.com

*/s/ Edward D. Shoulkin*
Edward D. Shoulkin, Esq.

ML

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK COUNTY, ss.                    SUPERIOR COURT
                                       Civil Action No. 2484CV01680-BLS2

| | |
|---|---|
| Bereket Temesgen, individually and on behalf of all others similarly situated, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Macy's, Inc., | ) |
| | ) |
| Defendant. | ) |

## NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT on August 25, 2024, the defendant, Macys.com LLC,
misnamed as Macy's, Inc., by and through its undersigned counsel, Barton Gilman LLP, filed in
the United States District Court for the District of Massachusetts, and served on all parties, a
Notice of Removal of the above-captioned matter. A copy of the Notice of Removal is attached
hereto as Exhibit "A."

                                       The Defendant,
                                       Macys.com LLC, misnamed as
                                       Macy's Inc.,
                                       By its Attorneys,

                                       /s/Edward D. Shoulkin
                                       Edward D. Shoulkin | B.B.O. No. 555483
                                       eshoulkin@bglaw.com
                                       Derek M. Gillis | B.B.O. No. 684769
                                       dgillis@bglaw.com
                                       BARTON GILMAN LLP
                                       75 Federal Street, 9th Floor
                                       Boston, MA 02110
                                       617.654.8200 | 617.482.5350 – Fax

I HEREBY ATTEST AND CERTIFY ON
September 5, 2024, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:
Asst. Clerk

Date Filed 8/29/2024 4:37 PM
Superior Court - Suffolk
Docket Number 2484CV01680

## CERTIFICATE OF SERVICE

I, Edward D. Shoulkin, attorney for the Defendant, hereby certify that on August 29, 2024, I served a copy of the foregoing by electronic and regular mail on all counsel of record.

*/s/Edward D. Shoulkin*
Edward D. Shoulkin | B.B.O. No. 555483

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Bereket Temesgen, individually and on Behalf of all others similarly situated, | ) ) ) | Case No. <u>1:24-cv-12237</u> |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Macy's, Inc., | ) ) | |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL

**TO:  THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

PLEASE TAKE NOTICE that Defendant Macys.com LLC, misnamed as Macy's, Inc. ("Defendant") in the Complaint in this civil action, by and through its undersigned counsel, Barton Gilman LLP, hereby removes this case from the Suffolk County Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts. In support of removal, Defendant states as follows:

## STATEMENT OF JURISDICTION

On June 25, 2024, Plaintiff Bereket Temesgen ("Plaintiff") filed a putative Class Action Complaint ("Complaint") against Defendant in the Suffolk County

1

Superior Court of the Commonwealth of Massachusetts, Civil Action No. 2484CV01680-BLS2 (the "State Court Action"). On August 26, 2024, Defendant timely filed its Answer to Plaintiff's Complaint. Copies of all of the pleadings and papers Defendant is aware of having been filed in the State Court Action are collected and attached as Exhibit "A."

This case is removable under 28 U.S.C. § 1453(b) because it meets the requirements of the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) (hereinafter "CAFA"). A defendant's notice of removal under CAFA need only contain a short and plain statement of the grounds for removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 88-89, 135 S. Ct. 547, 551-53, 190 L. Ed. 2d 495 (2014).

## THIS CASE IS REMOVABLE UNDER 28 U.S.C. § 1453(b) BECAUSE IT QUALIFIES AS A "CLASS ACTION" THAT MEETS THE REQUIREMENTS OF 28 U.S.C. § 1332(d)(2)

This case qualifies as a "class action" in which the putative class includes at least 100 members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and one or more members of the putative class and Defendant are citizens of different states. *See* 28 U.S.C. §§ 1332(d). Consequently, this action is removable pursuant to 28 U.S.C. § 1453, which provides that a "class action" may be removed to federal court in accordance with 28 U.S.C. § 1446(b).

2

**A.    The putative class includes in excess of 100 members.**

Plaintiff purports to bring this action "individually and on behalf of a class of all other similarly situated consumers." *See* Complaint, ¶ 8. Plaintiff defines the putative class as follows: "All persons in Massachusetts who made a purchase on www.macys.com using a credit card. (The "Class")". Complaint, ¶ 26. This proposed class contains far more than 100 members.

The number of putative class members is calculated by looking at the number of people in Massachusetts who have made online purchases from Macy's in the last four years and used a Macy's or third-party credit card. There were far in excess of 100 people who made online credit card purchases in Massachusetts in the last four years, which is the operative limitations period under the statute of limitations for the Plaintiff's claim under Massachusetts General Laws Ch. 93A. In fact, as noted below, there were significantly more than 300,000 individual online transactions in the last four years in Massachusetts wherein a credit card was used to complete the purchase. Thus, the putative class easily exceeds the 100-member requirement imposed by CAFA.

**B.    The amount in controversy exceeds $5,000,000.**

The removing defendant in a diversity case must prove to a "reasonable certainty" that the amount in controversy requirements of CAFA are met. *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 48-49 (1st Cir. 2009). "When the plaintiff's

3

complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 84. While not dispositive, Plaintiff estimated on the Civil Action Cover Sheet for the State Court Action that the damages are in the millions.

The determination of whether the amount in controversy has been met should be done "quickly, without an extensive fact-finding inquiry." *Coventry v. Sewage Assocs. v. Dworkin Realty Co.*, 71 F.3d 1, 4 (1st Cir. 1995). In short, consideration of this issue should not "devolve into a mini-trial regarding the amount in controversy." *Amoche* at 50-51; see also, *Sierra v. Progressive Direct Ins. Co.*, 2012 U.S. Dist. Lexis 140864 *4 (D. Mass. 2012). Of note, the pertinent question is not how much the plaintiff is likely to recover but how much is in dispute between the parties. *Amoche*, at 51, citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005).

Plaintiff alleges, *inter alia*, a claim for violation of the Massachusetts Consumer Privacy in Commercial Transactions Act ("CPICTA) for requiring consumers who purchase products online for delivery to their home from Defendant's website to provide an email address to complete their credit card transaction. Complaint ¶¶ 18, 34-43. Plaintiff alleges the Defendant uses the email address to send unwanted marketing materials. This is all in alleged violation of Massachusetts General Laws Ch. 93, Section 105(a) for which Plaintiff seeks not

less than the minimum statutory damage award of $25 under Massachusetts General Laws Ch. 93A, Section 9(3) per violation. Complaint ¶¶ 43, 45.

Plaintiff also alleges that Defendant's actions in violation of Ch. 93A, were performed "willfully and knowingly" such that Plaintiff's recovery shall be "up to three but not less than two times" the $25 statutory amount per violation. Complaint ¶ 45. Additionally, Plaintiff seeks to recover attorneys' fees and costs pursuant to G.L. Ch. 93A. Complaint ¶ 45.

While Defendant denies all of the material allegations in the Complaint, as the foregoing shows, the putative class's claims easily exceed the $5,000,000 amount in controversy threshold for the purpose of CAFA jurisdiction. *Sierra*, at *5 (to calculate the amount in controversy, multiply class size by a class member's typical damages). Of note, the extra penalties in the form of multiple damages recoverable under G.L. Ch. 93A are also counted in calculating the amount in controversy. *Sierra, Id.* ("Statutory damage multipliers, such as treble damages under Mass. Gen. Laws Ch. 93A may be considered as part of that analysis). The typical amount sought by each Plaintiff in this case would be $75: at least $25 for the alleged CPICTA violation, which is then trebled under the multiple damages provision of G.L. Ch. 93A.

Only 66,667 credit card charges are needed to exceed the $5,000,000 threshold if Plaintiff is found to be entitled to treble damages. However, even if the

damages are considered at $50 per class member (using a double multiplier), there need only be 100,000 transactions to meet the amount in controversy. At $25 per putative class member, without any multiplier, there must be 200,000 plus transactions to exceed the $5,000,000 threshold. As there are over 300,000 individual transactions in the relevant time period, the actual amount in controversy here is significantly higher than the $5,000,000 threshold.

In addition, the attorney's fees sought by Plaintiff, which may also be recovered under Chapter 93A, can be considered by this Court in calculating the amount in controversy for diversity purposes. *See Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001) (as fees are allowed by 93A as a part of damages, a reasonable estimate of those fees may be included in the amount in controversy); *Cherelli v. Instore Grp., LLC*, 513 F. Supp. 3d 187, 191 (D. Mass. 2021)("While attorney's fees are '[n]ormally . . . excluded from the amount-in-controversy determination,' a district court may consider potential attorney's fees as part of the amount-in-controversy calculation when 'a statute mandates or allows the payment of such fees,'")(internal citations omitted). Without question, far more than $5 million is in controversy in this case, as acknowledged by Plaintiff in his Civil Action Cover Sheet. *See* Ex. A (the "CPICTA provides for Mass. Gen. Laws Ch. 93A statutory damages of at least $25 per violation, plus attorney's fees and costs. Accordingly, damages in this case are estimated to be in the millions").

6

## C.    Plaintiff and Defendant are citizens of different states.

An individual person's citizenship is established by where that person is domiciled. 28 U.S.C. §1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915). A person is domiciled in a location "where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Aponte-Davila v. Municipality of Caguas*, 828 F.3d. 40, 46 (1st Cir. 2016), quoting *Rodriguez-Diaz v. Sierra-Martinez*, 853 F.2d 1027, 1029 (1st Cir. 1988). "The intention to remain may be established by factors such as: current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions and fraternal organizations, churches, clubs and other associations; place of employment or business; driver's license and other automobile registration; and payment of taxes." *Aponte-Davila,* at 46.

Plaintiff is a citizen and resident of the Commonwealth of Massachusetts. Complaint ¶ 9. Residence is *prima facie* evidence of domicile for the purposes of determining citizenship. *Anderson v. Watt*, 138 U.S. 694, 706, 11 S. Ct. 449, 34 L. Ed. 1078 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary, and a domicile when acquired is presumed to continue until it is shown to have been changed."); see also *BRT Mgmt., LLC v.*

*Malden Storage, LLC,* 2023 U.S. Dist. LEXIS 224473 *27 (D. Mass. 2023) (as there were no contradicting facts, the court applied principle that "proof of residence is *prima facie* proof of domicile.").

For diversity jurisdiction purposes, a corporation is deemed to be a citizen of the state in which it is incorporated as well as the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010) (holding "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'").

The named Defendant, Macy's, Inc., is a citizen of the States of Delaware and New York. At the time Plaintiff filed the State Court Action, Defendant was incorporated under the laws of the State of Delaware. Defendant is still incorporated under the laws of the State of Delaware. At the time Plaintiff filed the State Court Action, Defendant's principal place of business was located in New York, New York. Defendant's principal place of business is still located in New York, New York. Defendant is not incorporated under the laws of the Commonwealth of Massachusetts and does not have its principal place of business in the Commonwealth of Massachusetts, either at the time Plaintiff filed the State Court Action or currently. Complaint ¶ 10 ("Defendant is a Delaware corporation with its

8

Date Filed 8/29/2024 4:37 PM
Superior Court - Suffolk
Docket Number 2484CV01680

principal place of business at 151 West 34th Street, New York, New York 10001.").

However, Defendant represents that the proper defendant in this matter is Macys.com. If the citizenship of that entity is considered, there is still diversity. The citizenship of an LLC is the citizenship of all of its members. *BRT Mgmt LLC v. Malden Storage, LLC*, 68 F.4th 691, 693 (1st Cir. 2023); *Guide Transp. Partners, Inc. v. First Coast Logistics of Birmingham, LLC*, 2021 U.S. Dist. LEXIS 256101 *3 (D. Mass. 2021). Macys.com has only one member: Macy's Retail Holdings, LLC. *BRT Mgmt,* at 696, (if an LLC's member is also an LLC, then the citizenship of the member must be disclosed and this process continues through as many layers as required). Macy's Retail Holdings, LLC has only one member, Macy's, Inc. As noted above, the citizenship of Macy's, Inc. is Delaware and New York. There is complete diversity of citizenship in this matter.

In accordance with 28 U.S.C. § 1332, there is complete diversity of citizenship because Plaintiff (Massachusetts) and Defendant (Delaware and New York) are citizens of different states.  *See* 28 U.S.C. § 1332(a)(1),(c)(1).

## **<u>REMOVAL IS TIMELY</u>**

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is being filed within 30 days of receipt of the Summons and Complaint by Defendant. The Summons and Complaint were served on Defendant's agent for service of process, and thus Defendant, on August 5, 2024.

## **VENUE**

Venue is proper in this district and division because the Suffolk County Superior Court of the Commonwealth of Massachusetts is located within the federal District of Massachusetts, and thus is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## **NOTICE TO PLAINTIFF**

As required by 28 U.S.C. § 1446(d), Defendant will provide prompt written notice of the filing of this Notice of Removal to the Plaintiff.

## **NOTICE TO THE SUFFOLK COUNTY SUPERIOR COURT**

As required by 28 U.S.C. § 1446(d), Defendant will promptly file this Notice of Removal with the Clerk of the Suffolk County Superior Court of the Commonwealth of Massachusetts. A copy of the Notice to State Court of Filing of Notice of Removal is attached as Exhibit "B."

Date Filed 8/29/2024 4:37 PM
Superior Court - Suffolk
Docket Number 2484CV01680

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant removes this case from the Suffolk County Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts.

<div style="margin-left:40%">

The Defendant,
Macys.com LLC, misnamed as
Macy's, Inc.,
By its Attorneys,

</div>

Date: August 29, 2024

<div style="margin-left:40%">

/s/Edward D. Shoulkin
Edward D. Shoulkin |B.B.O. No.555483
eshoulkin@bglaw.com
Derek M. Gillis | B.B.O. No. 684769
dgillis@bglaw.com
BARTON GILMAN LLP
75 Federal Street, 9th Floor
Boston, MA 02110
617.654.8200 | 617.482.5350 – Fax

</div>

# CERTIFICATE OF SERVICE

I, Edward D. Shoulkin, attorney for the Defendant, hereby certify that on August 29, 2024, I served a copy of the foregoing by regular mail, postage prepaid, and electronic mail to:

Joel D. Smith | B.B.O. 712418
Smith Krivoshey, P.C.
867 Boylston Street, 5th Floor
Boston, MA 02116
joel@skclassactions.com

Joshua D. Arishon (*Pro Hac Vice* forthcoming)
Max S. Roberts (*Pro Hac Vice* forthcoming)
Bursor & Fisher, P.A.
1330 Avenue of the Americas
New York, NY 10019
jarisohn@bursor.com
mroberts@bursor.com


/s/Edward D. Shoulkin
Edward D. Shoulkin |B.B.O. No.555483